# NORFOLK & WESTERN RAILWAY COMPANY *v.* HOLBROOK.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 516. Argued December 1, 2, 1914.—Decided January 5, 1915.

Under the Employers' Liability Act, where death is instantaneous the beneficiaries can recover their pecuniary loss and nothing more; but the relationship between them and the deceased is a proper circumstance for consideration in computing the same. In every instance, however, the award must be based on money values, the amount of which can be ascertained only upon a view of the peculiar facts presented.

While it is proper for the trial court to instruct the jury to take into consideration the care, attention, instruction, guidance and advice which a father may give his children and to include the pecuniary value thereof in the damages assessed, it is not proper to give the jury occasion for indefinite speculation by comparing the rights of the actual beneficiaries with those of the supposed dependents who are mere next of kin.

Where the facts are adequate to constitute a strong appeal to the sympathy of the jury the charge should be free from anything which the jury can construe into a permission to go outside of the evidence.

It is the duty of the court in its relation to the jury to protect the parties from unjust verdicts arising from impulse, passion or prejudice or any other violation of lawful rights. *Pleasants* v. *Fant*, 22 Wall. 116.

215 Fed. Rep. 687, reversed.

THE facts, which involve the construction of the Federal Employers' Liability Act of 1908, are stated in the opinion.

VOL. CCXXXV—40

*Mr. F. Markoe Rivinus*, with whom *Mr. Theodore W. Reath* was on the brief, for plaintiff in error.

*Mr. William H. Werth* for defendant in error:

Substantial pecuniary damage is presumed as a matter of law in favor of a widow and children; the presumption is *prima facie*, of course, and it may be shown that the deceased husband and father was a burden, but in the absence of such rebutting evidence the presumption prevails. This presumption is recognized and applied in the following cases: *Balt. & Pot. R. R.* v. *Mackey*, 157 U. S. 72; 2 Sedgwick on Dam., 9th ed., § 584a; *Atchison &c. Ry.* v. *Wilson*, 48 Fed. Rep. 57; *Spiro* v. *Felton*, 73 Fed. Rep. 91; *S. C.*, 78 Fed. Rep. 576; *Peden* v. *Am. Bridge Co.*, 120 Fed. Rep. 523; *Fithian* v. *Railroad Co.*, 188 Fed. Rep. 842; *Chicago &c. R. R.* v. *Woolridge*, 51 N. E. Rep. 701; *Dukeman* v. *Cleveland R. R.*, 86 N. E. Rep. 712; *Louis. & Nash. R. R.* v. *Buck*, 19 N. E. Rep. 453; *Korrady* v. *Railroad Co.*, 29 N. E. Rep. 1069; *Haug* v. *Gr. Nor. R. R.*, 77 N. W. Rep. 97; *Hays* v. *Hogan*, 165 S. W. Rep. 1125.

In the case of mere next of kin the contrary presumption prevails. 2 Sedgwick on Dam., 9th ed., § 584a; *Burk* v. *Arcata R. R.*, 57 Pac. Rep. 1065; *Rhoades* v. *Chicago &c. R. R.*, 81 N. E. Rep. 371; *Garrett* v. *Louis. & Nash. R. R.*, 197 Fed. Rep. 715, 722; *In re Cal. Nav. Co.*, 110 Fed. Rep. 670, 677, and see Case Note, 11 L. R. A. (N. S.) 623.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

W. T. Holbrook, a bridge carpenter, aged thirty-eight and employed by plaintiff in error at a wage of $2.75 per day, was killed by a passing train while at his work in McDowell County, West Virginia, January 4, 1913. He left a widow, thirty-two years old, and five children of

one, four, seven, eleven, and fourteen years. The widow qualified as administratrix and instituted this suit under the Employers' Liability Act, approved April 22, 1908, c. 149, 35 Stat. 65, in behalf of herself and children in the United States District Court, Western District of Virginia. She charged that the accident resulted from negligence of agents and employés of the Railway Company and at the trial introduced evidence tending to establish this fact. The jury returned a verdict for $25,000 in her favor; judgment thereon was affirmed by the Circuit Court of Appeals (215 Fed. Rep. 687); and the cause was brought here.

. The only assignment of error now relied upon goes to a single sentence in instruction No. 5, wherein comparison is made between the pecuniary injuries of a widow and infant children and those of adults or mere next of kin. At the instance of the administratrix, the court told the jury (instruction No. 4) that if Holbrook's own negligence contributed proximately to his death only proportionate damages could be recovered and then gave instruction No. 5, in the following words:

"The court further instructs the jury that if they believe from the evidence that plaintiff is entitled to recover, then the amount of her damages is, subject to diminution, if any, as set out in instruction No. 4, to be measured by the pecuniary injury suffered by the widow and infant children as the direct result of the death of the husband and father, it not being permissible for the jury to go beyond the pecuniary loss and give damages for the loss of the love of the husband or father by wife or children, or to compensate them for their grief or sorrow or mental anguish for his death, or other purely sentimental injury or loss.

"However, the court instructs you that where the persons suffering injury are the dependent widow and infant children of a deceased husband and father, the pecuniary

injury suffered would be much greater than where the beneficiaries were all adults or dependents who were mere next of kin, so that the relation existing between deceased and the infant beneficiaries prior to his death is a factor in fixing the amount of the merely pecuniary damages. Bearing the above principles in mind the jury should assess such damages, not exceeding $40,000, the amount claimed in the declaration, as shall fully compensate the widow and children for all pecuniary loss, as hereinafter explained, suffered by them as the direct result of the death of the husband and father, and in doing so the jury should consider:

"(1) What the earning capacity of deceased has been prior to and was at the time of his death, and what it probably might have been in the future had he not been killed, at the same wages he was receiving at the time of his death, as shown by the evidence; and, in estimating the probable earnings of decedent, and what his family might have realized from them during his future life had he not been killed; and, in estimating the length of his probable life had he not been killed, it will be the duty of the jury to consider his age, health, habits, industry, intelligence, character, and expectancy of life, as shown by the evidence introduced before you.

"(2) The jury will also take into consideration the care, attention, instruction, training, advice and guidance which one of decedent's disposition, character, habits, intelligence, and devotion to his parental duties, or indifference thereto, as shown by the evidence, would reasonably be expected to give to his infant children during their minority, and the pecuniary benefit therefrom to said children, and include the pecuniary value of the same in the damages assessed."

The Railway Company duly excepted because "the court tells the jury that the widow and infant children of decedent are entitled to larger damages than would be the

case of persons suing who were more distantly related."
The exception was overruled, and this action is now relied
on as material error requiring a reversal.

Under the Employers' Liability Act, where death is
instantaneous, the beneficiaries can recover their pecuniary
loss and nothing more; but the relationship between them
and the deceased is a proper circumstance for consideration
in computing the same. The elements which make up
the total damage resulting to a minor child from a parent's
death may be materially different from those demanding
examination where the beneficiary is a spouse or collateral
dependent relative; but in every instance the award must
be based upon money values, the amount of which can be
ascertained only upon a view of the peculiar facts pre-
sented. *Michigan Central Railroad* v. *Vreeland*, 227 U. S.
59, 68, 72, 73; *American Railroad of Porto Rico* v. *Didrick-
sen*, 227 U. S. 145, 149; *Gulf, Colorado &c. Ry.* v. *McGinnis*,
228 U. S. 173, 175, 176; *North Carolina Railroad* v.
*Zachary*, 232 U. S. 248, 256, 257.

In the present case there was testimony concerning the
personal qualities of the deceased and the interest which
he took in his family. It was proper, therefore, to charge
that the jury might take into consideration the care, at-
tention, instruction, training, advice and guidance which
the evidence showed he reasonably might have been ex-
pected to give his children during their minority, and to
include the pecuniary value thereof in the damages as-
sessed. But there was nothing—indeed there could be
nothing—to show the hypothetic injury which might have
befallen some unidentified adult beneficiary or dependent
next of kin. The ascertained circumstances must govern
in every case. There was no occasion to compare the
rights of the actual beneficiaries with those of supposed
dependents; and we think the trial court plainly erred
when it declared that where the persons suffering injury
are the dependent widow and infant children of a deceased

husband and father the pecuniary injury suffered would be much greater than where the beneficiaries were adults or dependents who were mere next of kin.  This gave the jury occasion for indefinite speculation and rather invited a consideration of elements wholly irrelevant to the true problem presented—to indulge in conjecture instead of weighing established facts.  *Insurance Co.* v. *Baring*, 20 Wall. 159, 161.

The facts brought out during the course of the trial were adequate to constitute a strong appeal to the sympathy naturally engendered in the minds of jurors by the misfortunes of a widow and her dependent children.  In such circumstances it was especially important that the charge should be free from anything which they might construe as a permission to go outside of the evidence.  It is the duty of the court in its relation to the jury to protect the parties from unjust verdicts arising from impulse, passion or prejudice, or from any other violation of lawful rights. *Pleasants* v. *Fant*, 22 Wall. 116, 121.

Considering the whole record we feel obliged to conclude that the probable result of the indicated language in Instruction No. 5 was materially to prejudice the rights of the Railway Company.  The judgment of the Circuit Court of Appeals is accordingly reversed and the cause remanded to the District Court for the Western District of Virginia for further proceedings in conformity with this opinion.

*Judgment reversed.*

MR. JUSTICE McKENNA, with whom MR. JUSTICE DAY and MR. JUSTICE HUGHES concur, dissenting.

I am unable to concur in the opinion and judgment of the court.  I think the criticism that the railway company makes of the charge of the court to the jury is too severe in inference and makes a single sentence in a charge which

occupies a page of the record exclusively dominant, pushing aside all qualifications and particulars. I do not think this is permissible. The charge of a court to a jury must be considered as a whole, not by isolated sentences, and a jury as one of the tribunals of the country must be presumed to have some sense.

The court in the case at bar was confronted with the difficulty with which courts are often confronted and which no court has yet been able completely to surmount by any form of words—of bringing home to itself or to a jury the loss to wife and infant children through the death of the husband and father. The court in the present case ventured to say that these relations had something more in them and their destruction had something more of "pecuniary injury" than the injury to "the mere next of kin" and that there might be a loss to infant children greater than to adults. Would any one like to deny it? Would not its denial upset all that is best, in sentiment and duty, in life? And must that sentiment and duty, so potent in motive and conduct, be illegal to emphasize in a court of justice as an interference with the strict standards of the law?

By these standards, I admit, the charge of the court must be determined, and, therefore, let us turn to them as applied by the district court. The court said the amount of recovery must "be measured by the pecuniary injury suffered by the widow and infant children as the *direct result* of the death of the husband and father, it not being *permissible for the jury* to go beyond the *pecuniary loss* and give damages for the *loss of the love of the husband or father by wife or children, or to compensate them for their grief or sorrow or mental anguish for his death, or other purely sentimental injury or loss.*" (Italics mine.) Can there be any mistake in the standard declared by the court? Not love, not sorrow, not mental anguish, not sentiment, but loss in money "as the direct result of the

death," and beyond that money loss "it not being permissible for the jury to go." The standard then is money loss, or, to use the court's words, "the pecuniary injury suffered." No prompting to or excuse for impulse or passion was given, nor was imagination left any sway. The judgment of the jury was brought and held to the money value of the life destroyed to wife and children dependent upon it. And the elements in the computation were not left undefined. They were enumerated as follows: (1) Earning capacity at time of death and the probability of its continuance. In estimating the latter, and hence the value of it to wife and children, the jury were told to consider the age, health, habits, industry, intelligence and character of the deceased and his expectancy of life, as shown by the evidence—all, I may say in passing, strictly legal elements and none found fault with. (2) Regarding those qualities and his devotion to his parental duties or indifference thereto, as shown by the evidence, the jury were instructed to take into consideration "the care, attention, instruction, training, advice and guidance" which "he would reasonably be expected to give to his infant children during their minority, and the pecuniary benefit therefrom to said children, and include the pecuniary value of the same in the damages assessed."

A money standard with careful iteration, it will be observed, is declared throughout, and there is no dispute as to the elements to which it is to be applied; and of which the law assigns to the jury the duty of estimating. I repeat, no error is asserted of these elements or of the estimate of their pecuniary value by the jury, but counsel say that they were made vicious and might have been exaggerated or misunderstood by the comparison made by the court between the widow and children and dependents who were mere next of kin and between infants and adults. It may be well to give the court's language.

After stating that the amount recovered should be measured by the pecuniary injury suffered, the court added, "However, the court instructs you that where the persons suffering injury are the dependent widow and infant children of a deceased husband and father, the pecuniary injury suffered would be much greater than where the beneficiaries were all adults or dependents who were mere next of kin, so that the relation existing between deceased and the infant beneficiaries prior to his death is a factor in fixing the amount of the merely pecuniary damages." It is objected that the instruction was error because the court told the jury that the widow and children of the deceased were entitled to "larger damages" than would have been allowable to persons suing who were more distantly related. The first impulse of the mind is against the objection, and the impulse is supported by the deliberate resolution of cases. In *Balt. & Pot. R. R. v. Mackey*, 157 U. S. 72, and *Michigan. Central R. R. v. Vreeland*, 227 U. S. 59, the same distinctions are expressed. In explanation of those cases counsel say this court announced "the general proposition of law that the rule for damages must differ as the degree of the *proven* dependence of the beneficiary differs," and add, "but matter suitable in an opinion of an *appellate* court may be inappropriate in a charge to a jury." The latter statement is rather intangible. It cannot be that the law declared by an appellate court is unsuitable to be followed by a trial court. The court besides in the pending case did no more than express the elements of damages as dependent upon the relationship of the deceased to the beneficiaries. The distinction is a natural one, based on the realities of life, and I cannot conceive of a mistake by the jury in its application. There may be, indeed, special cases, and counsel imagines there may be, of crippled or diseased adults or infirm next of kin who, on account of their condition, may be entitled to a special considera-

tion, but the possibility of their existence did not make the instruction of the court erroneous, or that the jury in some way might have made a "comparison between beneficiaries who were before the court and hypothetical beneficiaries who were not in the case at all." In other words, the contention is that the jury was left or invited to conjecture the injury in an extreme example of imaginary dependent next of kin as necessarily below the limit of the injury to the widow or infant children, and this notwithstanding the careful enumeration of the elements of damage contained in the charge of the court. I am unable to yield to the contention. The court only expressed a general distinction, a natural one based on general experience and supported by a difference in legal obligations. It is a distinction recognized by the statute by virtue of which the action was brought as determining the order of precedence of its beneficiaries. The law, therefore, recognizes the fact, and it is not to be put out of view, that there is a difference in the relation of a widow and children to a deceased husband and father and the relation of the next of kin, whatever be the degree of the dependence of the latter. But, granting I am mistaken in this and that there may be exceptional cases of dependent next of kin, they do not constitute the rule, and the objection to the charge of the court was too general. The objection was that the instruction took in elements of damage improper to be considered by the jury because the court told "the jury that the widow and infant children of decedent" were "entitled to larger damages than would be the case of persons suing who were more distantly related." It was not pointed out, therefore, that the court was wrong in its generality on account of exceptional instances which were left to the jury to imagine, but universally wrong. In other words, the objection was not, as it now is, that the court committed the case to the imagination of the jury or made the "relationship

itself" of the plaintiff and her children to the deceased a factor to be considered in fixing the amount of pecuniary damages. If the objection had been so special and explicit it might have been yielded to. At any rate, it was wrong because of its generality and should not now be regarded. The judgment, therefore, should be affirmed.

I am authorized to say that MR. JUSTICE DAY and MR. JUSTICE HUGHES concur in this dissent.