NASHVILLE, C. & ST. L. RY. *v.* W. B. ANDERSON.

*(Nashville.* December Term, 1915.)

1. **LIMITATION OF ACTIONS. Commencement of new action. Amendment of pleadings. New plaintiff.**

   In an action against a railroad for death of its employee, a change from the widow as party plaintiff to the administrator as such was no change of the cause of action within the statute of limitations. (*Post, pp.* 673-676.)

   Cases cited and approved: Missouri, K. & T. R. Co. v. Wulf, 226 U. S., 570; Union P. R. Co. v. Wyler, 158 U. S., 285.

2. **LIMITATION OF ACTIONS. Commencement of new action. Amendment of pleadings. New cause of action.**

   In a widow's action against a railroad for death of its employee, where plaintiff's original pleadings referred to the Georgia statutes, the amendment of such pleadings to omit all reference to such statute and to show that decedent was employed in interstate commerce when killed, defendant's plea having shown such fact originally, upon substitution of decedent's administrator as plaintiff under the federal Employer's Liability Act, was not a change of cause of action within the statute of limitation, since the reference to the Georgia statute could be disregarded as surplusage. (*Post, pp.* 673-676.)

3. **PLEADINGS. Declaration. Omission of matters of substance. Cure by plea.**

   Matters of substance omitted from a declaration may be cured by plea. (*Post, pp.* 676-681.)

   Cases cited and approved: St. Louis, S. F. & T. R. Co. v. Seal, 229 U. S., 156; Smith v. Atlantic, etc., R. Co., 210 Fed., 761.

   Cases cited and distinguished: Harmon v. Crook, 10 Tenn., 127; United States v. Morris, 10 Wheat., 246; C., N. O. & T. P. R. Co. v. Goode, (Ky.), 173 S. W., 329.

Railroad v. Anderson.

4. **TRIAL.  Submission of issues.  Abstractness.**

In an action for death of a railroad emplee, where the trial court, instead of stating the issues of fact to the jury, read a portion of the declaration of the plaintiff, and directed the jury to find in favor of the plaintiff if the greater weight of the evidence was on that side on any one or more of the five counts, such charge was error, certain averments of negligence not being supported by the proof, while no proof was offered as to some of the matters charged.  (*Post, pp.* 681, 682.)

5. **TRIAL.  Reading pleadings to jury.**

It is not desirable for the trial judge to read the pleadings to the jury.  (*Post, pp.* 681, 682.)

6. **DEATH.  Federal employers' liability act.  Damages.**

In an action under the federal Employers' Liability Act (Act April 22, 1908, chapter 149, 35 Stat. 65 [U. S. Comp. St. 1913, sections 8657-8665]), the widow and minor child of decedent being beneficiaries, the measure of damages was such sum as the widow might reasonably have expected to receive from her husband for support, and such sum as such child would have expected for support during minority, plus compensation for loss of care, counsel, training, and education, which, under the evidence, it might have reasonably received from the parent. (*Post, pp.* 682, 683.)

Acts cited and construed:  Acts 1908, ch. 149.

Case cited and distinguished:  Michigan Central R. Co. v. Vreeland, 227 U. S., 59.

7. **TRIAL.  Federal employers' liability act.  Damages.  Instruction.**

In an action under the federal Employers' Liability Act of April 22, 1908, for death of a railroad employee, where there was no proof as to what portion of decedent's earnings his widow and child might have reasonably expected to receive, charge telling the jury that they might find as damages a sum equal to the entire amount of the probable earnings of decedent was erroneous.  (*Post, p.* 683.)

Railroad v. Anderson.

Case cited and approved:   Kansas City S. R. Co. v. Leslie, 238 U.
S., 599.

8. **TRIAL.  Injuries to servant.   Federal employers' liability act.
Damages.  Instruction.**

In such action, where there was no proof as to what portion of
decedent's earnings his widow and child might reasonably
have expected to receive, it was error to instruct that the
jury might find damages to be the net value of his earnings after
payment of his personal expenses.  (*Post, p.* 683.)

9. **DEATH.   Federal employers' liability act.   Damages.   Al-
lowance.**

In such action there must be evidence of pecuniary damage to
his beneficiaries before such damage can be allowed.  (*Post, pp.*
683, 684.)

Cases cited and approved:   Am. R. Co. v. Didricksen, 227 U.
S., 145;   Gulf, C. & S. F. R. Co. v. McGinnis, 228 U. S., 173;
North Carolina R. Co. v. Zachary, 232 U. S., 248;   St. Louis, I.
M. & S. R. Co. v. Craft, 237 U. S., 648;   Norfolk & W. R. Co. v.
Holbrook, 235 U. S., 625;   Kansas City S. R. Co. v. Leslie, 238
U. S., 599.

10. **TRIAL.   Instructions.   Abstractness.**

Where there was no proof as to the value of decedent's customary
contributions to the support of his widow and minor child, and
nothing to indicate what they might reasonably have expected
from him for support, there being no evidence as to proof of
his personal qualities and the interest he took in his family,
the submission to the; jury of such matters as a basis of dam-
ages was improper.  (*Post, pp.* 684, 685.)

11. **DEATH.   Federal employers' liability act.   Damages.   Ex-
pectancy of beneficiary.**

In such action damages to the widow should be calculated on the
basis of her expectancy of life as well as her husband's (*Post,
pp.* 685, 686.)

Railroad v. Anderson.

12. **DEATH.** Federal employers' liability act. Pleading. Damages.

Where there was proof of the earning capacity of decedent and his expectancy of life, but nothing to show what his beneficiaries, his widow and minor child, might reasonably have expected to receive from him for their support, a recovery for nominal damages could alone stand. (*Post, pp.* 686, 687.)

13. **DEATH.** Federal employers' liability act. Pleading. Damages.

In such action there should be pleadings averring the pecuniary losses which plaintiffs expect to prove. (*Post, p.* 687.)

FROM DAVIDSON

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— THOS. E. MATTHEWS, Judge.

CLAUDE WALLER and FRANK SLEMONS, for appellant.

W. H. WASHINGTON, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

W. M. Richardson, an employee of the plaintiff in error, was killed while in its service in the Atlanta yards June 9, 1908.

On June 23, 1908, W. B. Anderson, who had qualified as administrator of the deceased, brought suit for his death in the circuit court of Davidson county, Tenn. The deceased left a widow and an infant child.

The declaration as originally filed was founded on the Georgia statutes regulating the right of recovery for wrongful death. It was alleged in the declaration that the deceased was an inexperienced employee put to do dangerous work without any training or instruction, and it was further alleged that the car on which he was riding when killed was being moved at an excessive rate of speed, and that said car was not equipped with proper brakes. The deceased was engaged as a switchman when killed and was thrown from a car by the force of a coupling made with another car. In the declaration and amendments thereto a number of sections of the Georgia Code supposed to control this suit were set out.

Various pleas were interposed by the railway company, to all of which it is not necessary to refer.

As stated above, the suit was originally brought in the name of W. B. Anderson, administrator of the deceased, but later, it appearing that under the Georgia statutes the widow was the proper person to bring the suit, she was made a party plaintiff, and an order was entered which, in effect, dismissed the case as to the administrator, Anderson, and directed that the suit be prosecuted in the name of Mary E. Richardson, the widow, by next friend, she being under age.

Among other pleas filed by the railway company was one setting out that it was a common carrier engaged in interstate commerce, and that the deceased was a servant employed in operating a car engaged in interstate commerce when he met his death.

A demurrer was interposed to this plea, which was sustained by the circuit judge, the scope and effect of the federal statute with reference to interstate employees not being at that time fully appreciated by the bench and bar, and the court thinking the plea injected an immaterial issue.

The case proceeded to trial, and a judgment was had in favor of the plaintiff. The railway company took the case to the court of civil appeals, and that court reversed the judgment below and remanded the case on account of the error of the trial judge in sustaining the demurrer to the railway company's plea setting out the interstate character of the service of deceased.

When the case was remanded a stipulation was entered into between counsel to the effect that the car from which deceased fell was then being used in interstate commerce, and that the deceased was employed in interstate commerce at that time.

Amendments were offered by which W. B. Anderson, administrator, was again made the party plaintiff instead of the widow, and by which all reference to the Georgia statutes was eliminated from the declaration, and an averment incorporated into the declaration that deceased was engaged in the service of the railway company in interstate commerce at the time of the accident.

These amendments were resisted by the railway company on the ground that such procedure was, in effect, the bringing of a new suit, and at the time such amend-

ments were made more than two years had elapsed
since the death of Richardson.

These objections of the railway company were over-
ruled by the trial judge, and the case again proceeded
to judgment.   The railway company again appealed
in error to the court of civil appeals.

A number of assignments of error were interposed
by the railway company in the court of civil appeals.
That court was of opinion that the amendments to the
former declaration, or rather the amended declara-
tion eliminating reference to the Georgia statute, and
undertaking to proceed under the act of Congress in
the name of the administrator, was a change of the
cause of action and substantially a new suit.   The court
of civil appeals held that such new suit was barred by
the two-year limitation prescribed in the act of Con-
gress, and accordingly that court concluded that the
trial judge improperly overruled the motion of the
railway company for a directed verdict.   That court
passed on other assignments of error interposed by the
railway company, and held that three of these assign-
ments were well made, and that the case, upon these
three assignments, would have been reversed, if the
motion for peremptory instructions had not been deem-
ed sufficient.

A petition for *certiorari* was filed by the administra-
tor of the deceased to review the action of the court
of civil appeals upon the matters just mentioned.   The
railway company likewise filed a petition for *certiorari*
in which it is maintained that, regardless of the bar of

Railroad v. Anderson.

the statute of two years, there is no evidence to sustain the verdict below, and the railway company accordingly insists that its motion for a directed verdict was good on this additional ground.

Both of these petitions for *certiorari* have been granted, and the case has been argued and fully considered.

We are of opinion that the court of civil appeals erred in holding this suit was barred by the two-year period of limitations prescribed in the act of Congress.

So far as the change from the widow as a party plaintiff to the administrator as a party plaintiff is concerned, such a change is not a change of the cause of action. Likewise the reference made in the original pleadings of the widow to the Georgia statute may be disregarded as surplusage and of no effect.

These propositions have been established by the supreme court in the case of *Missouri, K. & T. R. Co.* v. *Wulf,* 226 U. S., 570, 33 Sup. Ct., 135, 57 L. Ed., 355, Ann. Cas., 1914B, 134.

That case is quite recent and is familiar to the profession, and a bare reference thereto in this opinion is all that is necessary. Suit was brought by the mother of an employee killed in interstate commerce, and was apparently founded on the Kansas statute. Later there was an amendment to the proceeding by which the administrator of deceased was introduced as party plaintiff. This amendment came more than two years after the death of the employee, and an inspec-

tion of this case discloses that practically the same argument was made in behalf of the railroad company there which is here made in behalf of the plaintiff in error.

The supreme court, however, held that there was no change of the cause of action, that the reference to the Kansas statute "no more vitiated the pleading than a reference to any other repealed statute would have done," and the court distinguished *Union P. R. Co.* v. *Wyler,* 158 U. S., 285, 15 Sup. Ct., 877, 39 L. Ed., 983, also relied on by the plaintiff in error here.

It must be conceded that *Missouri, K. & T. R. Co.* v. *Wulf,* supra, destroys much of the argument made in behalf of plaintiff in error. Certainly this case establishes the proposition that such a change of parties— that is, from the beneficiary to the representative of the beneficiary—is no change in the cause of action.

This case, however, differs from *Missouri, K. & T. R. Co.* v. *Wulf* in that plaintiff's pleading in the former case showed that the deceased servant was employed in interstate commerce when injured, while nothing of this kind appears in the original pleadings filed by the widow in this case.

It is therefore insisted that the amendment to the declaration showing the deceased to have been employed in interstate commerce at the time of his death stated a new cause of action. Here again *Union P. R. Co.* v. *Wyler* is invoked, and it is insisted that this amendment showing the interstate character of the service of deceased is, in effect, a departure from fact

to fact and from law to law, and is therefore a new suit.

We think it obvious under the reasoning of *Missouri, K. & T. R. Co.* v. *Wulf* that there was no departure from law to law. The federal statute repealed the Georgia statute. The Georgia statute was ineffective for any purpose, and the reference to it did not help or hurt the declaration, unless, indeed, the deceased was engaged in intrastate commerce.

That deceased was not engaged in intrastate commerce, but interstate commerce, was fully made to appear by the aforesaid plea interposed to the declaration by the defendant below, and we agree with counsel for the administrator that this plea of the railway company supplied the omission in the declaration and made the interstate character of deceased's service obvious in the pleadings. No issue was ever made on the facts alleged in said plea.

This plea of the railway company was filed seven months after the accident occurred. The declaration stated acts of negligence cognizable under the federal Employers' Liability Statute. The only point of the plea was that the suit was not brought in the name of the administrator. The suit was not barred at that time. The Georgia statute had been repealed as to employees engaged in interstate service, and the declaration stated a good cause of action under the act of Congress, except that it failed to aver the interstate character of deceased's service. This was admitted by the plea. The sole effect of the special plea referred to was to bar the prosecution of the suit in the name of

the widow.   This plea set out, as a fact, that deceased
was employed in interstate commerce at the time of
his death, and challenged the suit in the name of the
widow.  . The plea would not have been good unless
such fact had been made to appear.   Such fact having
been admitted by the demurrer, and the railway com-
pany. having obtained the benefit of this admission,
and having procured a reversal of the former judg-
ment against it on the strength of the plea, it would be
inadmissible at this time to hold that the interstate
nature of deceased's employment was not sufficiently
brought out in the pleadings prior to the running of
the two-year statute.

·This court long ago announced the rule that matters
of substance omitted from a declaration might be cured
by a plea.

In *Harmon* v. *Crook,* 10 Tenn. (2 Yerg.), 127, the de-
fendant had entered into a covenant to convey certain
land if the plaintiff liked it or desired it.   The dec-
laration should have averred that the covenantee had
notified the covenantor of his desire for the land or
of his willingness to accept a conveyance thereof.   No
such averment, however, was contained in the declara-
tion.   The defendant in his plea, instead of making
any point of the absence of this averment, stated that
he had offered to make the conveyance.   It was held
that such a plea cured the omission in the demurrer.
The court said:

"The plea says that the defendants offered to con-
vey these two tracts; hence is inferred an admission

Railroad v. Anderson.

on their part that they were bound to do so, which obligation could not otherwise be fixed upon them but by a previous notice given to them by the plaintiff that he was willing to accept of the same two tracts. Plaintiff complains that they did not convey these two tracts, which they were not bound to convey, unless by his previous consent to accept them, made known to the covenantors. Both the plaintiff and the covenantors agree, in fact, that the defendant ought to have conveyed these two tracts. The pleadings, it is argued, show upon their face, when taken altogether, that the fact of notice to the covenantors is sufficiently apparent, though not stated in the declaration. The old rule was that matters of form, such as time, place, and circumstances, which might be taken advantage of by special demurrer, can be cured by the plea of the defendant, but that matters of substance, which can be taken advantage of by general demurrer, cannot be cured by the plea of the defendant. [Citing authorities.] But certainly it has often been extended so as to cure the omission of matters of substance which must have been taken advantage of on general demurrer. Matters of substance are cured by pleading over. [Citing authorities.] And not only material things imperfectly alleged have been cured, but also material things not alleged at all. [Citing authorities.] The willingness of the plaintiff to take the tracts of one hundred and of fifty-two acres is so plainly apparent upon the record that there seems to be no risk in making the inference that it was so understood by both the covenantors

and covenantee, and that therefore the want of notice .alleged in the declaration is cured by the pleas of the defendants." *Harmon* v. *Crook,* supra.

This rule has been expressly approved by the supreme court of the United States in *United States* v. *Morris,* 10 Wheat., 246, 6 L. Ed., 314.

In that case the supreme court held that a defective plea might be aided by a replication just as a defective declaration might be aided by a plea. The court said:

"And this rule is not confined to matters of form merely, but extends to matters of substance. Thus, in an action of trespass for taking goods, not stating them to be the property of the plaintiff, this defect will be aided if the defendant by his plea admits the plaintiff's property. So, where several acts are to be performed by the plaintiff, as a condition precedent, and he does not aver performance of all, if it appear by the plea that the act omitted to be stated was, in fact, performed, the defect is cured." *United States* v. *Morris,* supra.

"If a necessary allegation is omitted from a pleading, and the missing allegation is either alleged or admitted by the pleading of the adverse party, the defect is cured." 31 Cyc., 714.

Many authorities to the same effect are cited in 16 Ency. Pl. & Prac., 580. Although the decisions are not altogether uniform on this question, it certainly appears that this court and the supreme court of the United States are committed to the rule that material

allegations omitted in a declaration may be supplied, by a plea.

Aside, however, from the rule just announced, it is manifest from reading the opinions of the supreme court in *Missouri, K. & T. R. Co.* v. *Wulf,* supra, and in *St. Louis, S. F. & T. R. Co.* v. *Seal,* 229 U. S., 156, 33 Sup. Ct., 651, 57 L. Ed., 1129, Ann. Cas., 1914C, 156, that the court is committed to a liberal policy with respect to allowing amendments which will save for injured employees and their beneficiaries the rights conferred upon them by the act of Congress.

In the latter case the supreme court reversed and dismissed a suit prosecuted without an administrator, but the dismissal was made without prejudice to any rights the administrator might have. The court would not have done a vain thing. This dismissal without prejudice would scarcely have been ordered unless it was in contemplation that the suit might be again prosecuted in the name of the administrator, although naturally more than two years must have elapsed since the inception of the action.

The Kentucky court of appeals, referring to the cases decided by the United States supreme court, observed:

"On the authority of these cases, we think it is clear that, when the cause of action arises under the federal statute, but suit is brought under the State law, or by some person not authorized to maintain an action under the federal statute, defects in the original petition may be cured by an amendment that does not set up a new and distinct cause of action, filed after the ex-

piration of two years from the accrual of the cause of action, as the amendment will relate back to the filing of the original petition." *C., N. O. & T. P. R. Co.* v. *Goode* (Ky.), 173 S. W., 329.

A like conclusion was reached by the United States circuit court of appeals for the fourth district; that court holding that an amendment to the pleadings might be made after the expiration of two years, alleging that defendant was engaged in interstate commerce, and that plaintiff was employed in such commerce at the time of his injury. *Smith* v. *Atlantic, etc., R. Co.*, 210 Fed. 761, 127 C. C. A., 311.

In the last edition of his work on the Federal Employers' Liability Act (page 308) Mr. Thornton refers to the above cases, and concludes that:

"An amendment after the two-year limitation by adding formal allegations to bring the case under the federal act is permissible; the allegations concerning the injury remaining the same. In such an instance no new cause of action has been brought by adding the amendment or changing the complainant."

So, without further elaboration, we hold that the court of civil appeals improperly sustained that branch of the motion for peremptory instructions interposing the bar of the two-year statute.

Apart from the effect of the statute of two years, the court of civil appeals thought that the motion for peremptory instructions was not well made. The court found material evidence in the record to sustain the verdict of the jury. This action of the court of civil

appeals is attacked by the railway company. We have discussed the facts orally, and are of opinion that the court of civil appeals was correct in its conclusion. We think there is evidence to sustain the judgment below.

The court of civil appeals thought the case should be reversed on account of the manner in which the trial judge delivered his charge. Instead of stating the issues of fact to the jury, the circuit judge read a portion of the declaration of the plaintiff below, and directed the jury to find in favor of the plaintiff if the greater weight of the evidence was on that side on any one or more of the five counts. This was error. Certain of the averments of negligence were not supported by the proof. In fact, no proof was offered as to some) of the matters charged, particularly on the question of defective brakes; yet the circuit judge submitted this question to the jury along with others. This, of course, was improper, and, moreover, it is not desirable for the trial judge to read the pleadings to the jury, but rather to give them a succinct statement of the issues with proper instructions as to the law.

The court of civil appeals sustained the third assignment of plaintiff in error in that court directed to a special request which the circuit judge gave in charge. It is insisted for the company that there was no evidence upon which such a request might have been predicated. We do not agree with the railway company in this contention. We think there was such evidence in the record, and we see no error in the requested in-

struction given. It results that the action of the court of civil appeals in this respect is reversed.

The court of civil appeals likewise sustained the assignment of error which challenged the propriety of the court's instruction on the measure of damages under the federal Employers' Liability Act. We think the court of civil appeals was correct in this action. For this error there must be a new trial.

This suit arose under the act of April 22, 1908 (35 Stat., Chapter 149, p. 65), and before the amendment of April 5, 1910 (36 Stat. chapter 143, section 2, p. 291 [U. S. Comp. St., 1913, sections 8657-8665]).

The beneficiaries in this suit are the widow and minor child of the deceased. They were both entitled to support from the deceased. Their damages would therefore have first included such sum as the widow might reasonably have expected to receive from her husband for support, and such a sum as the child might reasonably have expected to receive from his father for support during minority.

In addition to this the supreme court of the United States, in *Michigan Central R. Co.* v. *Vreeland,* 227 U. S., 59, 33 Sup. Ct., 192, 57 L. Ed., 417, Ann. Cas., 1914C, 176, after explaining that the beneficiaries can only recover pecuniary damages, has said:

"Nevertheless, the word as judicially adopted is not so narrow as to exclude damages for the loss of the services of the husband, wife, or child, and, when the beneficiary is a child, for the loss of that care, counsel, training, and education which it might, under the evi-

Railroad v. Anderson.

dence, have reasonably received from the parent, and which can only be supplied by the service of another for compensation.''

The circuit judge gave the above-quoted extract in his charge, except that he omitted the phrase ''under the evidence,'' which is all-important.

Likewise, in the concluding portion of his charge, the trial judge told the jury that the damages were to be determined upon a consideration of deceased's expectancy of life, etc., and his earnings, and that, taking these things into consideration, they should assess such damages as might be sufficient to compensate for the pecuniary loss of the widow and child.

If it was meant by his honor to tell the jury that they might find as damages for these beneficiaries a sum equal to the entire amount of the probable earnings of deceased, in the absence of any proof as to what portion of said earnings the beneficiaries might reasonably have expected to receive, this was plain error. It would have been error to have instructed the jury, under such circumstances, that they might find the damages to be the net value of the earnings of deceased after payment of his personal expenses. *Kansas City S. R. Co.* v. *Leslie,* 238 U. S., 599, 35 Sup. Ct., 844, 59 L. Ed., 1478. The pecuniary loss of these beneficiaries was not what the deceased might have earned, but what part of his earnings they might reasonably have expected to receive.

Furthermore, it seems very clear from a study of the decisions of the supreme court of the United States

—namely, *Michigan Central R. Co.* v. *Vreeland,* supra; *Am. R. Co.* v. *Didricksen,* 227 U. S., 145, 33 Sup. Ct., 224, 57 L. Ed., 456; *Gulf, C. & S. F. R. Co.* v. *McGinnis,* 228 U S., 173, 33 Sup. Ct., 426, 57 L. Ed., 785; *North Carolina R. Co.* v. *Zachary,* 232 U. S., 248, 34 Sup. Ct. 305, 58 L. Ed., 591, Ann. Cas., 1914C, 159; *St. Louis, I. M. & S. R. Co.* v. *Craft,* 237 U. S., 648, 35 Sup. Ct., 704, 59 L. Ed., 1160; *Norfolk & W. R. Co.* v. *Holbrook* 235 U. S., 625, 35 Sup. Ct., 143, 59 L. Ed., 392; and *Kansas City S. R. Co.* v. *Leslie,* 238 U. S., 599, 35 Sup. Ct., 844, 59 L. Ed., 1478—that there must be evidence of pecuniary damage before such damage can be allowed. This rule is enforced with more strictness by the supreme court of the United States perhaps than by some of the State courts in jurisdictions where acts fashioned after Lord Campbell's Act prevail.

In this case deceased's age, expectancy, and earning capacity were proven. It was also proven that his wife and child were dependent upon him for support.

There was no proof, however, as to the value of his customary contributions to the support of these beneficiaries, and nothing to indicate what such beneficiaries might reasonably have expected from him in the way of support. There was no proof of any service, pecuniarily determinable, as defined in *Michigan Central R. Co.* v. *Vreeland,* which deceased had rendered or might reasonably be expected to render to his wife. There was no proof as to the personal qualities of the deceased and the interest which he took in his family, and therefore no occasion to charge the jury that they

might take into consideration the care, counsel, training, and education which the child might reasonably have expected from his father. *Norfolk & W. R. Co. v. Holbrook*, supra.

It was therefore improper for the trial judge to have submitted such matters to the jury in the absence of any evidence.

The measure of damages of the wife and child was the probable amounts they would have received from the deceased if he had lived, and not his probable earnings. Thornton on federal Employers' Liability Act (3d Ed.), p. 246.

The measure of the damages of these beneficiaries was the amount which the deceased would probably have earned during his life for their benefit, taking into consideration his age, ability, and disposition to work and habits of life and expectancy. Tiffany on Death by Wrongful Act (2d Ed.), section 160.

It is further complained with reference to the charge that the jury were not instructed to consider in any way the expectancy of the wife, but it was assumed she would live as long as her husband would have lived had he not been injured.

We think this complaint is well made. Mr. Tiffany says:

"The damages to the widow should be calculated upon the basis of their joint lives. The damages to the minor children for the loss of support should be confined to their minority." Tiffany on Death by Wrongful Act (2d Ed.), section 160.

Mr. Tiffany's discussion of the measure of damages has been approved in two or three cases by the supreme court of the United States. He discusses Lord Campbell's Act and similar acts upon which the act of Congress is modeled.

In this case it was only shown that the beneficiaries of this suit had sustained a loss. There was no proof as to the extent of the loss. There was proof of the earning capacity of deceased and his expectancy, but there was nothing to show what these beneficiaries might reasonably have expected to receive from the deceased, and, under such circumstances, under the rules laid down in the late supreme court cases, no recovery for more than nominal damages could stand.

The elements of damage to be considered by the jury are indicated in the foregoing authorities. There must be proof to show the reasonable expectation.

Under the reasoning of the supreme court decisions, the widow's expectancy of life should be taken into account in estimating her loss.

Likewise, as plainly intimated in *Norfolk & W. R. Co.* v. *Holbrook,* supra, the estimate of the child's pecuniary loss should be confined to the period of his minority, both for support and other elements of damage.

As indicated in *Michigan Central R. Co.* v. *Vreeland,* supra, cases may arise in which more latitude would be permitted in measuring damages recoverable under this statute. There is nothing exceptional, however, in the case before us, and it is better for all parties that

Railroad v. Anderson.

this court confine the pecuniary loss to be estimated herein, within limits certainly included by the Act, as construed by the supreme court.

We find it necessary again to point out that there should, in suits founded on this act, be pleadings averring the pecuniary losses which plaintiffs expect to prove.

Reversed and remanded for another trial, with special reference to the decisions of the supreme court of the United States cited in this opinion.