## Chesapeake & Ohio Railway Company v. Callahan's Administrator.

(Decided June 2, 1925.)

### Appeal from Boyd Circuit Court.

1. Death—Recovery Under Federal Employers' Liability Act Cash Value of Pecuniary Loss.—In action under federal Employers' Liability Act (U. S. Comp. St., sections 8657, 8665) recovery for death of employe by dependents must be based on present cash value of pecuniary loss.

2. Death—Amount of Pecuniary Loss Recoverable Under Federal Employers' Liability Act Depends on Rate of Interest.—In action for father's death under Employers' Liability Act (U. S. Comp. St., sections 8657, 8665) present cash value of total pecuniary loss to children would depend upon rate of interest which reasonably prudent and careful person under circumstances of time and place might be expected to obtain in making safe investment.

3. Death—$15,000.00 for Death of Brakeman Not Excessive.—In action under federal Employers' Liability Act (U. S. Comp. St., sections 8657, 8665) for death of brakeman, aged 35 years, earning from $155.00 to $170.00 per month, in good health and with expectancy of mortality of more than 28 years, verdict of $15,000.00 in favor of his four children ranging from 5 to 14 years who lived with deceased without their mother, held not excessive.

BROWNING & REED for appellant.

JOHN W. WOODS and JOHN T. DEIDERICH for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The first appeal of this case was from a judgment entered upon a directed verdict in favor of the railway Company. That judgment was reversed in an opinion found in 203 Ky. 782, with directions to submit the case,

by proper instructions, to a jury upon another trial, if the evidence was in substance the same as upon the first trial. The record now before us shows that the evidence upon the second trial was the same as upon the first trial, and this fact is admitted in brief of counsel for appellant railway company. It is not, therefore, necessary for us to discuss the question of the sufficiency of the evidence to carry the case to the jury, for that was fully considered in the former opinion and that opinion is the law of this case.

The only other ground urged for a reversal of the judgment for $15,000.00 in favor of the administrator of Leonard Callahan is that the verdict is grossly excessive. This action is under the Federal Employers' Liability Act, and there can be no recovery in such case for death of an employe except for the pecuniary loss sustained by the dependents of the decedent, and such recovery must be measured by, and based upon the present cash value of the pecuniary loss sustained by the dependents.

The deceased, Callahan, was about thirty-five years of age at the time of the accident which resulted in his death, and was earning from $155.00 to $170.00 per month and was regularly employed as a brakeman on a yard engine of the appellant company at Ashland. He was in good health and had an expectancy, according to recognized tables of mortality, of more than 28 years. His wife was dead but he was the father of four children, aged respectively 5, 8, 12 and 14 years. He had a home at which these children resided with him.

A consideration of the facts of this case, as we understand them, does not justify the conclusion that the verdict of $15,000.00 is grossly or at all excessive. Decedent was earning on the average of about $2,000.00 per year, and working regularly. He had rented a house and established a home for himself and four children. He was at its head and the sole bread winner. Rents were to be paid each month as also were bills for fuel, light and water, telephone and other current overhead expenses, all reasonably necessary to the comfort and well-being of the family of four children. To this expense must be added the grocery, meat and ice bills. Necessarily the children were to be clothed and shod. As they were all in school age, books, stationery and other school supplies were required for each of them. The comfort and proper care and training of the children reasonably required all

these things. It is hard, indeed, to see how a family of four such children can be supported and trained in a reasonably comfortable manner in a live town like Ashland for less than $1,500.00 to $1,800.00 per year. At best this would leave $500.00 from the wages of the father to cover his individual living expenses. From the general experience of men at the head of families it is known that a family of young children is less expensive to support than when they approach maturity, and it is equally true that reasonably prudent and careful parents generally devote more of their income and substance to the comfort, training and education of their younger children than to those who first grow up, oftentimes expending more on the last child at home than on the whole family when it was together. All these facts should have been, and no doubt were considered by the jury in estimating the pecuniary loss sustained by the four children of Callahan by his unfortunate death. We think authority for this view is found in Northwestern Railway Co. v. Holbrook, Admr., 235 U. S. 625, where it was said:

"Under the Employers' Liability Act, where death is instantaneous, the beneficiaries can recover their pecuniary loss and nothing more; but the relationship between them and the deceased is a proper circumstance for consideration in computing the same. The elements which make up the total damage resulting to a minor child from a parent's death they may be materially different from those demanding examination where the beneficiary is a spouse or collateral dependent relative; but in every instance the award must be based upon money values, the amount of which can be ascertained only upon a view of the peculiar facts presented. . . .

"In the present case there was testimony concerning the personal qualities of the deceased and the interest which he took in his family. It was proper, therefore, to charge that the jury might take into consideration the care, attention, instruction, training, advice, and guidance which the evidence showed he reasonably might have been expected to give his children during their minority, and to include the pecuniary value thereof in the damages assessed." See also L. & N. R. R. Co. v. Allen's Admr., 174 Ky. 736.

Of course the present cash value of the total pecuniary loss suffered by the children of Callahan through his death depends upon the rate of interest upon which it is figured, and this rate must be controlled by the results which a reasonably prudent and careful person, under the circumstances at the time and place, may be expected to obtain in making a safe investment.  One is not required to exercise that degree of skill employed by persons possessing expert knowledge and special training and aptitude in such affairs, but only reasonable and ordinary skill and ability in finding and selecting investments, all of which may properly have entered into the considerations of the jury in reaching its verdict of $15,000.00.  These things considered, we are constrained to hold that the jury was clearly within its well recognized province when it estimated, from the proven facts, that the present cash value of the pecuniary loss sustained by the four children of Callahan through his death was $15,000.00, and we are unable to say, from a consideration of the record, that such finding is excessive or more than should have been awarded under the facts.

The judgment is, therefore, affirmed.