## DRALLE v. STEELE.
### No. A–7101.

District Court, Alaska. Third Division. Anchorage.
June 23, 1952.

682

McCutcheon & Nesbett, Anchorage, for plaintiff.

George B. Grigsby, Anchorage, Davis & Renfrew, Anchorage, for defendant.

DIMOND, District Judge.

This is a suit brought under the wrongful death statute of Alaska. Defendant has filed a motion to strike Paragraphs VI, VII and VIII of the plaintiff's amended complaint upon the ground that the same are redundant, immaterial and not alleging any elements of damage recoverable in this action. The three paragraphs mentioned are as follows:

"VI

"That prior to his death, the said Herbert Dralle was bound to and did hire a physician to treat his injuries, and in that behalf expended the sum of $300.00, and that by reason of the said injuries the said Herbert Dralle incurred hospital and medical expenses in the sum of $244.00.

"VII

"That by reason of the death of the said Herbert Dralle, the plaintiff has expended the sum of $1544.30 for funeral and burial expenses.

"VIII

"That the plaintiff herein at the time of the death of said Herbert Dralle, and for many years prior thereto, was residing with him as his wife; that the said Herbert Dralle was a good and loving husband, who was fond of his home and provided

for the plaintiff and his minor child; and plaintiff by reason of the wrong of the said Philip Carter, the employee, agent, and servant of the defendant, which resulted in the death of the said Herbert Dralle, has been deprived of the comfort and society of her husband, and his protection and support, and the support of their minor child, and has been thereby damaged in the sum of $15,000.00."

The statutory basis of the action originated as a part of the Act of June 6, 1900, 31 Stat. 392, now appearing as Sec. 61–7–3, Alaska Compiled Laws Annotated 1949. As amended by Chapter 89 of the Session Laws of Alaska 1949, it provides:

"When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefore against the latter, if the former might have maintained an action, had he lived, against the latter for an injury done by the same act or omission. Such action shall be commenced within two years after the death, and the damages therein shall not exceed fifteen thousand dollars, and the amount recovered, if any, shall be exclusively for the benefit of the decedent's husband or wife and children when he or she leaves a husband, wife, or children, him or her surviving; and when any sum is collected it must be distributed by the plaintiff as if it were unbequeathed assets left in his hands, after payment of all debts and expenses of administration * . * * ."

A large part of the procedural code in Alaska embraced in the Act of June 6, 1900, was adopted, in most cases verbatim, from the laws of Oregon as they existed at that time. The early Oregon statute on the subject appears in Hill's Annotated Laws of Oregon, Sec. 371, and provides that the damages recovered "shall be admin-

istered as other personal property of the deceased person."
No provision is there made for wife, husband or children.
However, our statute, as will be noted, provides that the
recovery "shall be exclusively for the benefit of the de-
cedent's husband or wife and children when he or she leaves
a husband, wife, or children, him or her surviving".

Accordingly, it is too plain for argument that Congress
in passing the Act of June 6, 1900, did not adopt the Ore-
gon statute on this subject but instead reverted more nearly
to the text of the original Lord Campbell's Act, still re-
taining, however, that part of the Oregon statute which
provides for a recovery by the estate in the event the de-
cedent left no husband, wife or children. It may be de-
serving of note here that the original Oregon law was re-
vised in 1939 and now appears in 1 Oregon Compiled Laws,
Sec. 8–903, as follows:

> "When the death of a person is caused by the
> wrongful act or omission of another, the personal
> representatives of the former for the benefit of the
> widow or widower and dependants and in case
> there is no widow or widower, or surviving de-
> pendents, then for the benefit of the estate of the
> deceased may maintain an action at law therefor
> against the latter, if the former might have main-
> tained an action, had he lived, against the latter,
> for an injury done by the same act or omission.
> Such action shall be commenced within two years
> after the death, and damages therein shall not ex-
> ceed $10,000."

Defendant relies on the case of Scott v. Brogan, 1937,
167 Or. 549, 73 P.2d 688, which quotes approvingly the
following from the opinion in an earlier Oregon case, Carl-
son v. Oregon Short-Line Ry. Co., 21 Or. 450, 28 P. 497,
499:

> "After a careful and attentive examination and
> review of the authorities, we are of the opinion

that the proper measure of damages, under our statute, is the pecuniary loss suffered by the estate, without any solatium for the grief and anguish of surviving relatives or pain and suffering of the deceased; and that loss is what the deceased would have probably earned by his intellectual or bodily labor in his business or profession during the residue of his life, and which, as representing his net savings, would have gone for the benefit of his estate, taking into consideration his age, ability, and disposition to labor, and his habits of living and expenditure."

It is therefore obvious that any decision based upon the Oregon law, as it existed on June 6, 1900, can be of little use in construing the Alaska Act in any case where there is a surviving husband, wife or children, and is likely to be completely misleading. In any case where there is no surviving husband, wife or children, then the Alaska statute may be and has been construed to the same effect as the Oregon law. Jennings v. Alaska Treadwell Gold Mining Co., 9 Cir., 1909, 170 F. 146; Kreidler v. Ketchikan Spruce Mills, 1943, 10 Alaska 365; Linge's Administrator v. Alaska Treadwell Co., 1906, 3 Alaska 9. But the authority of the Oregon decisions ends there. An annotation of cases relating to statutes which provide that damages recovered shall belong to the estate is to be found in 7 A.L.R. 1321 and 26 A.L.R. 595. See also 16 Am.Jur. 121, § 180. Even in the Scott case supra it was recognized that where the statute provides for the payment of the proceeds of recovery to the husband, wife or children, the rule set up in Oregon under its early statute is not the correct one and quotes with approval from an earlier Oregon decision, Perham v. Portland General Electric Co., 1898, 33 Or. 451, 53 P. 14, 19, at pages 19, 24, 40 L.R.A. 799, in which it is stated:

"Under Lord Campbell's act, and similar statutes, the damages recovered belong to the designated beneficiary, and are measured by the value

of the life taken to the particular person entitled to the benefit of the statute, while under our statute they belong to the estate, and are co-extensive with the value of the life lost, without regard to its value to any particular person. In the one case the object of the action is to recover the pecuniary loss sustained by the designated relatives, and in the other the value of the life lost, measured, as near as can be, by the earning capacity, thriftiness, and probable length of life of the deceased, and the consequent amount of probable accumulations during the expectancy of such life."

For authority that is at all persuasive in this case, recourse must be had not to the opinions of the Supreme Court of Oregon, but to an expression of the views of the highest court of some state which has a statute substantially similar to that of Alaska. Accordingly, we may turn to the decisions of the New York Court of Appeals construing such a law of the State of New York. The rule laid down by that court is shown in the following quotations taken from the cases of (1) Hamilton v. Erie R. Co., 1916, 219 N.Y. 343, 114 N.E. 399, 402, and (2) Meekin v. Brooklyn Heights R. Co., 1900, 164 N.Y. 145, 58 N.E. 50, 51, 51 L.R.A. 235:

(1) "At the outset it should be comprehended that under our statute the cause of action is created by the statute and is original and not derivative. It is not a part of and has no relation with the estate of the decedent. The damages are allowed, not for an injury to his estate, but for an injury, through the loss of him, to the estate of the beneficiaries. The executor or administrator of the decedent is a mere nominal party, without any interest in the damages, holding them, when recovered, in the capacity of a trustee or agent for the beneficiaries."

(2) "The amount of damages in this class of cases depends upon the value of the reasonable expectation of pecuniary benefits from the continuance in life by the decedent to the husband or wife and next of kin. This is a right of property which becomes vested in the beneficiaries at the moment of death, and can be converted into money through a statutory action brought for their benefit by the personal representatives, who are simply trustees for the purpose."

See also Greco v. S. S. Kresge Co., 1938, 277 N.Y. 26, 12 N.E.2d 557, 115 A.L.R. 1020.

■ It is clear that under a statute such as ours, where widow and children survive, although the suit must be brought by the executor or administrator, such personal representative is, as said in the Perham case, supra, 53 P. at page 19: "a mere nominal party, who sues for the benefit of the real party in interest;" and such was the declaration of the New York Court of Appeals in the Meekin case. That rule must be applied here.

Now we come to the question as to the elements which may be included as loss to the beneficiaries, that is to say, in this case the wife and children, within the meaning of the statute. Courts have usually held that only pecuniary losses may be recovered even though, as in Alaska, the statute contains no such precise limitations. 16 Am.Jur. 118; 74 A.L.R. 11, 13. The Court of Appeals for the Ninth Circuit so ruled in Butte Electric Ry. Co. v. Jones, 9 Cir., 1908, 164 F. 308, 18 L.R.A.,N.S., 1205, with respect to a Montana statute which provides for the allowance of "just" damages. Light on the subject is cast by the Opinion in Michigan Central Railroad Company v. Vreeland, 1913, 227 U.S. 59, 33 S.Ct. 192, 196, 57 L.Ed. 417 involving the Employers' Liability Act, 45 U.S.C.A. § 51. Cases construing this Act are helpful because that Act, like the Alaska wrongful death statute, provides that the admin-

istrator may recover damages for the benefit of the husband or wife and children without specifying the nature of such damages. In the case last cited the Court states that: "the damages are such as flow from the deprivation of the pecuniary benefits which the beneficiaries might have reasonably received if the deceased had not died from his injuries".

In Chesapeake & Ohio Railway Company v. Kelly, 1916, 241 U.S. 485, 36 S.Ct. 630, 60 L.Ed. 1117, the Supreme Court enlarged upon its views in the Vreeland case and held that the approved measure of recovery is the present cash value of the future pecuniary benefits of which the beneficiaries were deprived by the death of the decedent, making allowance for the earning power of money. In Griffith v. Midland Valley R. Co., 1917, 100 Kan. 500, 166 P. 467, certiorari denied 245 U.S. 633, 38 S.Ct. 133, 62 L.Ed. 522, the Court approved an instruction given by the lower court (set forth in its entirety in the Opinion) as being a proper one in the light of the Vreeland case, and especially the approved instructions to be found in Norfolk & Western Railway Company v. Holbrook, 1914, 235 U.S. 625, 35 S.Ct. 143, 59 L.Ed. 392. A recent case adhering to the rule announced in the Vreeland case supra is Thompson v. Camp, 6 Cir., 1947, 163 F.2d 396, 403. An annotation of cases on non-pecuniary losses is to be found in 74 A.L.R. 11–116.

■ In the case before us recovery must be limited to pecuniary damages suffered by the wife and children, and no allowance can be made for mental anguish or loss of the love of the husband and father.

By his challenge to the above-quoted Paragraphs VI and VII of plaintiff's amended complaint, the defendant raises the question as to whether the medical expenses incurred by the decedent resulting from his injuries, and the funeral expenses of the decedent paid by the plaintiff, are recoverable as items of damages under the Act. It appears that in

England the plaintiff may not recover funeral expenses in this type of suit and a few jurisdictions in the United States have adopted the English rule. However, the vast majority of the courts of the several States allow the recovery of such expenses. State, for Use of Strepay v. Cohen, 166 Md. 682, 172 A. 274, 94 A.L.R. 438. No decision of the Supreme Court on this point has been found. Our Court of Appeals for the Ninth Circuit has, so far as discovered, considered the problem once only, in Jutila v. Frye, 1925, 8 F.2d 608, Opinion by Judge Rudkin. In this case the cause of action arose under an Idaho statute. The Court stated in substance that medical and funeral expenses were recoverable, and that although no Idaho case on the subject had been found, the weight of authority favored such recovery. Under the Employers' Liability Act it has usually been held that funeral expenses are not recoverable. Heffner v. Pennsylvania R. Co., 2 Cir., 1936, 81 F.2d 28; Philadelphia & R. Ry. Co. v. Marland, 3 Cir., 1917, 239 F. 1; Frabutt v. New York, Chicago & St. Louis R. Co., D.C. Pa.1949, 84 F.Supp. 460; Hanley v. Erie R. Co., 1948, 273 App.Div. 257, 77 N.Y.S.2d 153, affirmed In re Hanley's Estate, 298 N.Y. 816, 83 N.E.2d 861; 94 A.L.R. 438, 447.

█ In the instant case, as above indicated, the plaintiff alleges that she paid the decedent's funeral expenses in the sum of $1544.30. It is hard to understand any theory upon which this should not be considered a loss or damage to her as wife of decedent arising out of the death of her husband. Except for that death she would have been under no obligation to incur the expense. As regards the expenses of the decedent's last illness arising from the injuries inflicted upon him by the defendant and of which he thereafter died, it may be reasonably suggested that the payment thereof would be a burden upon the estate and not upon the widow or children on whose behalf the administratrix acts. Unless facts can be shown indicating that the widow and children have actually been damaged by the incurring of the expenses of the last illness no testimony on

that feature of the case will be admissible. However, at this time it can not safely be assumed that some loss or damage to the widow and children will not be established by a preponderance of the evidence at the trial by reason of the necessary medical expenses incurred by the decedent through the fatal injury.

Defendant's motion to strike Paragraphs VI, VII and VIII is denied.

Defendant's motion to dismiss the action because the complaint fails to state a claim against the defendant upon which relief can be granted is also denied.