**Walker M. SMELSER, Administrator of the Estate of William C. Smelser, Jr., Deceased,**

v.

**SOUTHERN RAILWAY COMPANY.**

**Civ. A. 2339.**

United States District Court
E. D. Tennessee, N. D.

May 10, 1956.

892

C. Howard Bozeman, Knoxville, Tenn.,
Tyree B. Harris, III, Nashville, Tenn.,
for plaintiff.

Clyde W. Key, Knoxville, Tenn., for
Southern Ry. Co.

Jerome Templeton, Knoxville, Tenn.,
for Stanley Monroe Meadors.

ROBERT L. TAYLOR, District Judge.

On November 16, 1954, Final Judgment was entered whereby the proceeds of settlement between the parties were distributed to the widow and three children of the deceased and said widow. On April 28, 1955, a motion was filed on behalf of Stanley Monroe Meadors, a minor son of deceased by a former marriage.

The first wife of deceased was Ann Howard Smelser, who obtained from him a divorce and custody of their child, then Stanley Monroe Smelser. Ann Howard Smelser afterwards married Meadors. Following this marriage, Meadors legally adopted Stanley Monroe Smelser, whose name thereby became Stanley Monroe Meadors.

As a result of her divorce from deceased, Ann Howard Smelser was awarded alimony of $5.00 per week for the support of the child Stanley. So far as appears, the decree has not been vacated

or modified. The action brought by the administrator against the railroad was under the Federal Employers' Liability Act, which provides that in the event of compensable death of a railroad employee an action may be brought by the administrator "for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee * * *" 45 U.S.C.A. § 51.

While the action may be brought for the benefit of the widow and children, irrespective of dependency, the measure of damages is their pecuniary loss. Gulf, C. & S. F. R. Co. v. McGinnis, 228 U.S. 173, 33 S.Ct. 426, 57 L.Ed. 785. Accordingly the question here is whether Stanley Monroe Meadors sustained a pecuniary loss by reason of his natural father's death.

Distribution of benefits is not governed by rules of descent and distribution, although the widow and children are by statute designated as the first class of beneficiaries, the children being regarded as dependents and recipients of pecuniary benefits during their minority. Norfolk & Western R. Co. v. Holbrook, 235 U.S. 625, 35 S.Ct. 143, 59 L.Ed. 392; Thompson v. Camp, 6 Cir., 163 F.2d 396. In the absence of a first class, or a second class of beneficiaries, dependency of next of kin introduces a third class. It is observable that in the other two classes pecuniary loss may result, though there was limited or no dependency.

Following his adoption by Meadors, Stanley Monroe Meadors did not cease to be the natural child of deceased, but he did cease to be the recipient of pecuniary benefits from the deceased. The adoption statute provides that the final order effecting the adoption "shall establish the relationship of parent and child between the petitioners and the child as if such child had been born to them in lawful wedlock. * * *" T.C.A. § 36–126. A necessary corollary is that the former relationship of parent and child ceased to exist. The reasonable expectancy of pecuniary benefits arising from the former relationship also ceased to exist.

As heretofore mentioned, the divorce decree had provided alimony of $5.00 per week, payable to the widow for the benefit of the child, the language of the decree being, "for the care, support and maintenance of the minor child of the parties hereto, * * *" This decree applied to a situation which ended with the adoption of the child. It made no provision for the contingencies of adoption of the child or death of the natural father. Death of the divorced father ended the force of the alimony decree. Carey v. Carey, 163 Tenn. 486, 43 S.W.2d 498; In re Moore's Estate, 34 Tenn.App. 131, 234 S.W.2d 847. This was held to be true, even though the alimony was for the support of a minor child of the divorced parents. The reasoning given in support of that result is that continuation of alimony in such case gave the child beneficiary an advantage over later children of the father who would receive only their inheritance, whereas the child who had the benefit of alimony would receive that in addition to his share of the inheritance.

The reason for the rule can be discerned in the adoption situation. The adopted child has the benefit of pecuniary expectancy from the adoptive father. To allow him to share in the death benefits of his natural father would place him in a position superior to that of the orphaned children. Although the Tennessee courts apparently have not had this question before them, it is this Court's opinion that those courts, when the precise question is brought before them, will hold that an adopted child is entitled to no benefit, on the basis of pecuniary expectancy, from the wrongful death of the natural father, the alimony decree notwithstanding.

For the reason aforestated, the motion to reopen the judgment in favor of the adopted child should be overruled.

Let an order to that effect be prepared accordingly.