# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued November 6, 2008          Decided December 16, 2008

No. 07-7168

DAVID T. LONG AND KAREN LONG,
APPELLANTS

v.

HOWARD UNIVERSITY,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 02cv01374)

*Harvey S. Williams* argued the cause and filed the briefs for appellant.

*Daniel I. Prywes* argued the cause for appellee. With him on the brief was *Jacob A. Kramer*.

Before: ROGERS, TATEL and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: A jury found that Howard University discriminated against David Long, a former graduate student, on the basis of disability. But the jury also found that Long's claim had accrued more than three years before he filed his lawsuit, which meant that Long's claim was barred by the statute of limitations. Long now appeals, arguing that the University had forfeited its statute-of-limitations defense and that the District Court's jury instructions on that issue were improper. We affirm.

I

From 1982 to 1991, David Long attended Howard University as a graduate student pursuing a Ph.D. in physiology. After falling ill with a lung ailment, he obtained permission from the University to take a leave of absence. At the time, Long indicated his intention to return to the University after he recovered so that he could complete his dissertation, undergo his oral defense, and receive his Ph.D.

Long did not seek to return to Howard for four years. In 1995, he asked the University to reinstate his Ph.D. candidacy. Given the lapse of time, however, Long had become subject to University policies regarding the amount of time that Ph.D. candidates can take to complete their degrees. These "course viability" policies required Ph.D. candidates to take special examinations to "restore" course credits from courses taken more than seven years earlier, and precluded them from relying on credits for courses taken more than 10 years earlier.

As part of his effort to regain admission, Long sought an exemption from those rules. In 1995, however, the University denied Long's written requests for reinstatement and for exemption from the course viability policies. In 1998, the

University again refused Long's request for reinstatement under a complete exemption from the course viability policies, instead offering to reinstate him only if he passed a comprehensive exam on the core courses. The University repeated its denial of Long's requests in 1999, indicating that he remained subject to the standard course viability policies. After Long filed formal applications for readmission in 1999 and 2001, the University eventually agreed to re-admit him as a student, but still declined to reinstate his Ph.D. candidacy or grant him the desired exemptions from the course viability policies.

Long filed the present lawsuit against the University on July 9, 2002. His complaint raised numerous claims, including the allegation at issue here – that Howard violated § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Long's § 504 claim focused on the University's failure to accede to his request that, "as an accommodation to his disability," he be reinstated and allowed to proceed immediately to his dissertation defense without regard for the course viability policies. In its answer to the complaint, the University advanced the statute of limitations as an affirmative defense. It also subsequently asserted the statute-of-limitations defense in responding to interrogatories during discovery, at the pre-trial conference, and in a motion filed before trial.

At trial, the District Court ruled that the applicable statute of limitations was three years. It instructed the jury that it should determine "[w]hether, and if so when," Long knew that the University had declined his request for a modification of its policies, explaining that Long's claim would be time-barred if that had happened before July 9, 1999. The jury concluded that Howard had violated the Act, but that Long knew of the University's violations before July 1999, and that

his claims were thus barred by the statute of limitations. The District Court denied Long's post-trial motion and entered judgment for the University.

## II

Long contests the judgment against him on three grounds. First, he argues that the University forfeited its statute-of-limitations defense by failing to raise it beyond the "boilerplate" assertion in its answer. Second, Long contends that he was covered by the Rehabilitation Act only upon submitting a formal re-application to the University in October 1999 – and hence that it was impossible, as a matter of law, for his claim to have accrued before July 1999, contrary to the jury's finding. Finally, Long says that the jury instructions were slanted against him, because they allegedly implied that the University had decided to deny him an accommodation for his disability before July 9, 1999, and therefore suggested that his claim was barred by the statute of limitations.

## A

Under Rule 8(c) of the Federal Rules of Civil Procedure, a defendant must assert any statute-of-limitations defense in the answer. *See Harris v. Sec'y, Dep't of Veterans Affairs*, 126 F.3d 339, 343 (D.C. Cir. 1997); *see also* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1278 (3d ed. 2004). The University met its Rule 8 obligation. Its answer to Long's complaint stated that "Plaintiff's claims are barred by the applicable statute of limitations." Under our precedents, that pleading sufficed to preserve the University's statute-of-limitations defense for trial. *See Daingerfield Island Protective Society v. Babbitt*, 40 F.3d 442, 445 (D.C. Cir. 1994).

Moreover, in this case, the University repeated its limitations defense in response to Long's interrogatories during discovery, again during the pre-trial conference, and in a detailed motion *in limine* before trial. *See* Def.'s Answers to First Set of Interrogatories 22 (asserting that Long "failed to timely file his lawsuit"); Tr. of Pre-Trial Conf. 46 (stating that the "defense was raised at the pretrial conference"); Def.'s Mem. in Support of Mot. 9 (arguing that there were "serious statute of limitations problems applicable to Mr. Long's claims under . . . the Rehabilitation Act"). At no time after the answer did the University affirmatively waive the statute of limitations defense; rather, it continued to assert the defense.

Long maintains that the University forfeited the limitations defense by failing to raise it in opposition to Long's motion for partial summary judgment. But there is no requirement that a party assert a statute-of-limitations defense in opposition to a summary-judgment motion in order to assert it at trial. On the contrary, the defense can be raised at trial so long as it was properly asserted in the answer and not thereafter affirmatively waived. Long relies on *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469 (D.C. Cir. 1993), which also involved a claim that a statute-of-limitations defense had been forfeited by failure to raise it at the summary-judgment stage. But as we made clear in *Daingerfield*, the defendant in *Pittston* "apparently waived its defenses from the beginning, having never asserted them in any pleading or motion in the district court." 40 F.3d at 445. Here, of course, the University asserted its statute-of-limitations defense repeatedly, beginning in its answer to Long's complaint.

6

Our decision on this issue not only is compelled by the text of the Federal Rules and our precedent in *Daingerfield*, but also is fully consistent with the goal of Rule 8's pleading requirement. As we have explained, the purpose is to ensure that the plaintiff is able "not only to frame legal arguments, but to establish relevant facts that might affect the applicability of the statute of limitations." *Harris*, 126 F.3d at 343. At the time of discovery, Long was well aware that the University had raised the statute-of-limitations defense in its answer. Therefore, Long could not have been prejudiced during discovery in his ability to obtain factual information relevant to the statute-of-limitations issue. Moreover, Long could have sought clearer statements from the University about its statute-of-limitations defense by using the procedures specified in Rule 36(a)(6) or 37(a)(4) of the Federal Rules of Civil Procedure. In short, nothing in the University's pre-trial conduct impeded Long's ability to contest the statute-of-limitations defense at trial.

B

Long also contends that the District Court misconstrued § 504 of the Rehabilitation Act and its implementing regulations when instructing the jury on the statute-of-limitations issue. Long argues that the Act's ban on discriminatory "academic requirements" protects only a "qualified handicapped applicant or student." 45 C.F.R. § 84.44(a). He therefore says that his claim could not have accrued – as a matter of law – anytime before he submitted a formal application for re-admission in October 1999. Because he filed suit within three years of his October 1999 application, Long argues that his claim was not time-barred and that the jury should not have been instructed at all on the statute of limitations.

At trial, Long failed to raise this argument or to object to the jury instructions on this ground. Although he did challenge the proposed jury instructions for a variety of reasons, he did not raise this broad contention. *See* Pl.'s Objections to Proposed Jury Instructions and Jury Form 6, 7-8. Indeed, his first hint of this objection came only after trial, in a reply memorandum supporting his motion for new trial. Pl.'s Reply in Support of Pl.'s Mot. For New Trial, 2-5. And even then, Long failed to cite the regulation – 45 C.F.R. § 84.44(a) – that he now argues is decisive. *Cf.* Tr. of Oral Arg. 14.

Rule 51 of the Federal Rules of Civil Procedure requires that objections to jury instructions be made "on the record, stating distinctly the matter objected to and the grounds for the objection" and "before the instructions . . . are delivered." FED. R. CIV. P. 51(c), (b). If a party fails to properly object to jury instructions, appellate review is only for "plain error." *Id.* at 51(d)(2).

In light of Long's failure to properly object to the jury instructions on this ground at trial, our review is for plain error. To prevail on a plain-error argument, the objecting party must establish four elements: "(1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 169 (D.C. Cir. 2007) (internal quotation mark omitted). The Supreme Court has emphasized that "'[p]lain error' review under Rule 51 is suited to correcting *obvious* instances of injustice or misapplied law." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 256 (1981) (emphasis added). Indeed, "the word 'plain' is synonymous with 'clear' or, equivalently, 'obvious.'"

8

*Johnson v. United States*, 520 U.S. 461, 467 (1997) (internal quotation marks omitted).[*]  Reversal under the plain error standard is thus reserved only for "exceptional circumstances."  FED. R. CIV. P. 51 advisory committee's notes to 2003 amendments.

Long's interpretation of the Rehabilitation Act regulations does not show that the District Court made a "clear" or "obvious" error.  Indeed, as the District Court pointed out, and contrary to Long's interpretation, § 504 of the Act itself and 45 C.F.R. § 84.4(a)'s "general" provision extend broad protections against discrimination to disabled individuals, without limiting coverage exclusively to formal applicants or students.  *Long v. Howard University*, 512 F. Supp. 2d 1, 15 (D.D.C. 2007).  Therefore, it is far from "plain" that Long's claim could not have accrued before his formal application in October 1999.  And in the absence of plain error, this argument about the jury instructions is unavailing.

C

Long's final contention is that the District Court's jury instructions improperly led the jury to believe that his lawsuit had been filed after the statute of limitations had run.  By

---

[*] *Johnson* was a criminal case in which the Supreme Court interpreted the "plain error" standard in Rule 52 of the Federal Rules of Criminal Procedure.  Nonetheless, we follow the notes of the Advisory Committee on Civil Rules in recognizing that Civil Rule 51 is borrowed from Criminal Rule 52 and should be interpreted accordingly while still, of course, taking account of the differences between civil and criminal litigation.  FED. R. CIV. P. 51 advisory committee's notes to 2003 amendments; *see Muldrow*, 493 F.3d at 168 & n.5 (internal quotation marks omitted).

Long's account, the problematic sentence in the jury instructions was the following:

> If, on a date later than July 9, 1999, Mr. Long asked the University to reconsider its decision not to modify its policies or rules, or asked the University for the same modification he had previously requested, his claim is still barred by the statute of limitations if, before July 9, 1999, Mr. Long knew, or by the exercise of reasonable care should have known, that the University had declined his request for a modification.

Jury Instructions and Verdict Form 38-39.

In Long's view, this sentence contained two distinct problems.

First, it allegedly did not allow the jury "to consider *discrete* acts of discrimination" after July 9, 1999 "as anything other than responses to requests to reconsider [the University's] decision." Appellant's Br. 47 (internal quotation mark omitted). We disagree. Nothing in the instruction prevented the jury from deciding that the University discriminated against Long after 1999 in any discrete incident. And to the extent that any such actions *were* merely a re-affirmation of any University action denying Long's requests for reinstatement lodged in the 1990s, the District Court properly explained that such claims were barred. As the Supreme Court made clear in *Delaware State College v. Ricks*, "requests to reconsider" decisions already made "cannot extend the limitations periods applicable to the civil rights laws." 449 U.S. 250, 261 n.15 (1980).

Second, Long contends that the jury instruction suggested that the University had, in fact, made a decision on Long's

candidacy before July 9, 1999.  As the District Court pointed out, however, the challenged sentence immediately followed a separate paragraph explaining that the jury had the right to determine "[w]hether, and if so when," the University ever declined his requests for accommodation.  Jury Instructions and Verdict Form 38; *Long*, 512 F. Supp. 2d at 18-19.  In context, therefore, the challenged sentence did not suggest that the University had made its decision before July 1999.

We review the wording of jury instructions for abuse of discretion.  *Joy v. Bell Helicopter Textron*, 999 F.2d 549, 556 (D.C. Cir. 1993).  The District Court's jury instruction concerning the University's statute-of-limitations defense was well within the acceptable bounds of its discretion.

* * *

We affirm the judgment of the District Court.

*So ordered*.