CLAY, Circuit Judge,
dissenting.
The district court’s failure to instruct the jury correctly with respect to a critical element of Plaintiffs’ retaliation claim warrants reversal and remand for a new trial on the issue of whether Defendant retaliated against Plaintiffs for filing complaints of race discrimination. Although the majority acknowledges that the district court’s inexplicable error in instructing the jury was “obvious,” it nonetheless “decline[s]” to exercise this Court’s discretion to reverse for plain error. Because I disagree, I respectfully dissent from the majority’s decision on this issue.
The district court below presented the jury with an incorrect legal standard for evaluating whether Plaintiffs experienced an adverse employment action for purposes of Plaintiffs’ retaliation claim. In instructing the jury, the district court stated that, in order to establish the existence *5 of an adverse employment action, Plaintiffs had to show that they “suffered a materially adverse change in the terms or conditions of employment because of the employer’s actions.” (Jury Instructions Tr. 29.) It then provided examples of a “materially adverse change” — termination, demotion, loss of benefits, or diminished responsibility — all of which were “ultimate employment decisions” related to the terms and conditions of employment.
However, the Supreme Court has rejected a test that limits actionable retaliation claims to cases in which the employee suffered an “ultimate employment decision.” Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 67, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006). Instead, “a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, ‘which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.’ ” Id. at 68, 126 S.Ct. 2405 (quoting Rochon v. Gonzales, 438 F.3d 1211, 1219 (D.C.Cir.2006)). The Court thus made clear that, in the context of a retaliation case, a jury is “not required to find that the challenged actions [a]re related to the terms or conditions of employment.” Id. at 70, 126 S.Ct. 2405.
Consequently, the district court erred in instructing the jury. Moreover, at the time the district court instructed the jury, the applicable standard had been established by the Supreme Court in White, and the district court’s error therefore was plain and obvious. See also Long v. Howard Univ., 550 F.3d 21, 26 (D.C.Cir.2008) (noting that, in the context of Rule 51(d)(2), the word “plain” is “synonymous with ‘clear’ or, equivalently, ‘obvious’ ”).
Although the majority does not disagree with the above analysis, it nonetheless allows the district court’s mistake to go uncorrected. The majority suggests that the costs that would result from correcting the error in this case weigh against reversing the jury verdict. However, the committee notes to Rule 51 upon which the majority relies make clear that the obviousness and importance of the error weigh more heavily in determining whether the district court’s error warrants reversal in the civil context. For that matter, it is not evident from the record that the trial on remand would be as lengthy as the original trial. The erroneous jury instruction related only to Plaintiffs’ retaliation claim, not Plaintiffs’ claims that they were subjected to racially motivated harassment that created a hostile work environment.
Here, the obviousness of the mistake— “[t]he factor most directly implied by a ‘plain’ error rule,” Fed.R.Civ.P. 51(d)(2), advisory committee note — weighs heavily in favor of finding plain error. As discussed above, the error was plain — the district court instructed the jury in a manner contrary to a recent, clear, and controlling Supreme Court case. Further, “a second major factor” in addressing plain error is “[t]he importance of the error.” In this case, the district court’s error in instructing the jury was significant. The instruction related to a “core issue in the case” — whether the Plaintiffs suffered an adverse employment action. See Reynolds v. Green, 184 F.3d 589, 595 (6th Cir.1999) (providing, under the prior plain-error standard, that the instruction must relate to a “core issue”). Based on the instructions that the district court gave, the jury could not have found that Plaintiffs suffered an adverse employment action — a key element of their retaliation claim. The adverse employment action forming the basis of the retaliation claim that went to the jury was that Plaintiffs were denied certain training opportunities, and received more difficult work assignments. Thus, the alleged adverse employment action did not come within the standard that the *6 court provided to the jury — Defendant did not terminate Plaintiffs, nor did Defendant reduce their pay, responsibilities, or benefits. The jury never considered whether Defendant’s actions in assigning Plaintiffs more difficult work “might dissuade a reasonable worker” from making a claim of racial discrimination. See White, 548 U.S. at 68, 126 S.Ct. 2405. Accordingly, the error was plain and prejudiced Plaintiffs, warranting reversal under the plain-error standard. As a result of the district court’s legally deficient instructions to the jury on an issue critical to Plaintiffs’ claims, the jury was effectively foreclosed from determining whether Plaintiffs should have prevailed on their retaliation claim.
In view of the importance of the adverse employment action issue to Plaintiffs’ retaliation claim, and the fact that the adverse employment action forming the basis of Plaintiffs’ claim was not properly set forth by the erroneous standard provided by the district court, I would remand for a new trial on the issue of retaliation. I therefore respectfully dissent.