Mr. Justice CLIFFORD,
 

 having stated the case, delivered-the opinion of the court.
 

 Correct instructions, if applicable to the case, the court, as a general rule, is required to give, unless the same are in substance and effect embodied in those previously given by the. court to the jury; .but the court is never required by law to give an instruction to ^he jury which is not applicable to the. case, even though it be correct as an abstract principle or rule of law; aiid it may be added that no prayer for instruction, whether presented by the plaintiff’ or the defendant, can be regarded as applicable to the case when.it is wholly unsupported by the evidence introduced to'the jury. Competent evidence may be written or oral, direct or circumstantial, but when there .is no legal evidence of any kind to support the theory of fact embodied in a prayer for instruction, whether presented by the plaintiff’ or the defendant, the iristruction should always be refused; and such a ruling can never beco.me a good cause for reversing the judgment. It is clearly error in a court, said Taney, C. J., to charge a jury upon a supposed or conjectural state of facts, of which no evidence has. been offered, as the instruction presupposes that there .is some evidence before the jury which they may'think sufficient to establish the fact hypothetically assumed in that way by the court, and if there is no evidence which they have a right to consider, then the
 
 *162
 
 charge does not aid them in coming to a correct conclusion, but iIs tendency is to embarrass and mislead them, as it may induce them 'to indulge in conjectures instead of weighing the testimony.
 
 *
 
 When a prayer for instruction is presented to the court, and there is no evidence upon the subject in the ease for the consideration of the jury, it ought always to be withheld, and if it, is given under such circumstances, it will, as a general rule, be regarded as error in the court, for the reason that its teudency may be, and often is, to mislead the jury by withdrawing their attention from the legitimate points of inquiry involved in the issue.
 
 †
 
 Bills of exceptions ought to state that evidence was offered of the facts upon which the opinion.of the court is prayed, else the court' is under no obligation to give the instruction.
 
 ‡
 
 Though the judge may refuse to declare the law to the jury on a hypothetical question,' yet. if he gives the instruction and it is erroneous, it is the proper subject of revision.
 
 §
 
 But the true rule, if there be no evidence to support the theory of fact assumed in the prayer, is to reject it, as it is error to leave a question to a jury in respect to w'hich there is up evidenee.
 
 ||
 

 Attempt is made' in argument to maintain that the plaintiffs had no insurable interest in the bark unless it be assumed that it was created by a bottomry bond, but the court is entirely of a different opinion, as it is alleged in the declaration that the advances were made to equip the vessel and to procure for her a cargo in the voyage from a foreign port to the port of destination. Founded as the declaration is upon the policy of insurance it must be construed in con
 
 *163
 
 ncction with the policy. By the terms of the policy the insurance is upon the bark, her tackle, and apparel, which is the proper language to be employed in a case where the insured had an interest in the vessel.
 

 Advances made on the credit of a ship for necessary repairs or-supplies in a foreign port create a maritime lien upon the ship, and it is well-settled law that.a maritime lien isa
 
 jus in
 
 re,--and that it constitutes' an incumbrance on the property of the ship which is not divested by the death or insolvency of the owner.
 
 *
 
 Such a lion may be enforced by a process
 
 in rem,
 
 which is founded on a right in the thing, the object of the.process being to obtain the thing itself, or a satisfac-. tion out. of it, for some claim resting on a real or quasi proprietary right in the thing.
 
 †
 
 Liens of the kind constitute an insurable interest', and it is quite clear that enough .is alleged in the declaration to warrant the conclusion that the advances made in this case are properly to bo regarded as constituting a maritime lien upon the bark.
 
 ‡
 
 Contracts for repairs and supplies may be made by the master to enable the vessel to proceed on her voyage, and if it appears that they were necessary for the purpose and that they were made and furnished to a foreign vessel or to a vessel of the United States in a port other than a port of the State to which the ’vessel belongs, the
 
 prim & facie
 
 presumption is that the repairs and supplies were made and furnished on the credit of the vessel, unless it appears that the master had funds on hand or at his command which he ought to have applied to the accomplishment of those objects, and. that the material-men knew that, fact or that such facts and circumstances wore known to them as were sufficient to put theni upon inquiry and- to show that if they had used due diligence in that be
 
 *164
 
 half they might have ascertained that the master had no authority to contract for such repairs and supplies on the credit of the vessel.
 
 *
 
 Whenever the necessity for the repairs and supplies is once made out it is incumbent upon the owners, if they allege that the funds could have been obtained upon their personal credit., to establish that fact by competent proof, and that the material-men knew the same or were put upon inquiry, as before explained, unless those matters fully appear in the evidence introduced by the other party.
 
 †
 

 Apply those principles to the case and it is clear that the objection that the plaintiffs had no insurable interest in the bark utterly fails, as it is not controverted that the advances were made to equip the vessel and to procure a cargo fo.r her in the described voyage; and it is sufficient that such an allegation affords a
 
 primd fade
 
 presumption that the advances were made on the credit of the vessel, as the record fails to disclose- any fact or circumstance to overcome that presumption. Such advances constitute a lien upon the ship, aud such a lien gives the lender an insurable interest in the sbip.
 
 ‡
 

 Absolutely nothing appears in the record to support the theory that any such defences as those assumed in the prayers for instruction were in fact set up by the defendants in the subordinate court, except- what is contained in the prayers for instruction presented to the court. They pleaded a general denial of the allegations of the declaration and that the bark was unseaworthy at the inception of .the. risk and throughout the voyage, but no mention is made of any such defences as those implied in the prayers for instruction in any other part of the record, nor is there any evidence whatever upon the subject.
 

 
 *165
 
 Defences in avoidance of the claim made in the declaration must be proved in the court of original jurisdiction, and if not proved there they cannot be successfully set up in the appellate court to support an assignment of error.
 

 Other matters were discussed at the bar, but it is not necessary to examine apy other of the propositions submitted, as these suggestions are sufficient .to dispose of the case.
 

 Judgment affirmed.
 

 *
 

 United States v. Breitling, 20 Howard, 254.
 

 †
 

 Goodman v. Simonds, lb. 359.
 

 ‡
 

 Vasse
 
 v.
 
 Smith, 6 Cranch, 226; United States
 
 v.
 
 Dunham, 21 Law Reporter, 591; Caldwell
 
 v.
 
 United States, 8 Howard, 366; Blackburn
 
 v.
 
 Crawfords, 3 Wallace, 176.
 

 §
 

 Etting
 
 v.
 
 Bank of the United States, 11 Wheaton, 59; Beaver
 
 v.
 
 Taylor, 1 Wallace, 637.
 

 ||
 

 Chandler
 
 v.
 
 Van Roeder, 24 Howard, 224; Railroad
 
 v.
 
 Gladmon, 15 Wallace, 409.
 

 *
 

 The Young Mechanic, 2 Curtis, 404; Same Case, 3 Ware, 58; 1 Parsons’s Maritime Law, 489; 3 Kent (11th ed.), 170; General Smith, 4 Wheaton, 438.
 

 †
 

 The Commerce, 1 Black, 580; Buck et al. v. Insurance Co., 1 Peters, 164; The Maggie Hammond, 9 Wallace, 456. ’ ’
 

 ‡
 

 Seamans v. Loring, 1 Mason, 127; 1 Phillips on Insurance (5th ed.),
 
 §
 
 204; Hancox
 
 v.
 
 Insurance Co., 3 Sumner, 132.
 

 *
 

 The Lulu, 10 Wallace, 197; The Patapsco, 13 Wallace, 333; 2 Parsons on Shipping, 322 to 337.
 

 †
 

 The Grapeshot, 9 Wallace, 141; Thomas
 
 v.
 
 Osborn, 19 Howard, 22.
 

 ‡
 

 Seamans
 
 v.
 
 Loring, 1 Mason, 127; 1 Phillips on Insurance (6th ed.), § 204; Godin
 
 v.
 
 Insurance Co., 1 Burrow, 489; Lucena
 
 v.
 
 Craufurd, 5 Bosanquet & Puller, 294; Wells
 
 v.
 
 Insurance Co., 9 Sergeant & Bawle, 103.