# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued February 18, 2015        Decided May 19, 2015

No. 13-7123

TONYA COLEMAN-LEE, AS PERSONAL REPRESENTATIVE OF
THE ESTATE OF JOSEPH LEE,
APPELLANT

v.

GOVERNMENT OF THE DISTRICT OF COLUMBIA,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:09-cv-01832)

*Jason H. Ehrenberg* argued the cause for appellant. With
him on the briefs was *James C. Bailey*.

*Carl J. Schifferle*, Assistant Attorney General, Office of
the Attorney General for the District of Columbia, argued the
cause for appellee. With him on the brief were *Irvin B.
Nathan*, Attorney General at the time the brief was filed, *Todd
S. Kim*, Solicitor General, and *Loren L. AliKhan*, Deputy
Solicitor General.

Before: GRIFFITH, *Circuit Judge*, EDWARDS, *Senior
Circuit Judge*, and SILBERMAN, *Senior Circuit Judge*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: An individual is disabled within the meaning of the Americans with Disabilities Act ("ADA" or "Act") if he or she has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Under the governing version of the ADA in effect at the time this case arose, whether a physical or mental impairment "substantially limit[ed]" a major life activity was determined by taking into account the benefits and burdens of measures used to mitigate the effects of the impairment. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 482–83 (1999). For example, under the so-called *Sutton* rule, it might be determined that an individual disabled by poor vision could no longer be considered disabled under the Act if wearing corrective lenses fully mitigated the vision impairment.

This appeal arises from an ADA discrimination lawsuit in which a jury returned a verdict finding that the plaintiff, Joseph Lee ("Lee"), a diabetic, was not disabled within the meaning of the ADA. *See Lee v. District of Columbia*, 19 F. Supp. 3d 281, 285 (D.D.C. 2014) (denying a motion for a new trial). Although Lee has since passed away, his wife, Tonya Coleman-Lee ("Coleman-Lee"), as representative of Lee's estate, appeals the District Court's judgment.

Coleman-Lee argues that the jury instruction given by the District Court was error because it misled the jury. As explained below, the problem here is that the specific objection to the jury instruction that is now raised by Coleman-Lee on this appeal was never raised and preserved by Lee. As a result, the theory underlying Coleman-Lee's objection on appeal is entirely different from the theory that was pursued by Lee at trial. Therefore, we review only for

plain error. We hold that Coleman-Lee has not shown plain error. We also hold that the District Court did not err in overruling the objection that was raised by Lee at trial because there was evidence in the record about mitigating measures that supported the contested jury instruction. We therefore affirm the judgment of the District Court.

\* \* \* \*

In 2008, Lee, a District of Columbia correctional officer, was fired for neglect of duty after allegedly falling asleep on the job several times. Lee filed suit under the ADA, claiming that his diabetes rendered him disabled within the meaning of the Act. He further claimed that the District of Columbia ("District") discriminated against him in violation of the Act, including by terminating his employment. A central question in the case was whether Lee's diabetes disabled him at all. His diabetes, when uncontrolled, could cause him to fall asleep, fall down, or even, possibly, lapse into a diabetic coma. However, he could effectively control his medical condition by eating three meals a day plus periodic snacks as well as by taking certain medication.

The District argued, *inter alia*, that Lee was not disabled because his diabetes was controlled by his eating regimen, and that the meal regimen did not itself "substantially limit" Lee's eating because eating on a regular schedule was not a *substantial* limitation. Before the case was submitted to the jury, the District requested a jury instruction laying out the *Sutton* rule and the jury's duty to consider the effects of the mitigating measure. The contested instruction read:

> A "disability" exists only where an impairment "substantially limits" a major life activity, not where it "might," "could," or "would" be substantially limiting if

mitigating measures were not taken. A person whose physical or mental impairment is corrected by medication or other measures does not have an impairment that presently "substantially limits" a major life activity. To be sure, a person whose physical or mental impairment is corrected by mitigating measures still has an impairment, but if the impairment is corrected it does not "substantially limit" a major life activity.

*Lee*, 19 F. Supp. 3d at 289 (brackets omitted).

Lee objected to the instruction, on the ground that there was no evidence that he had been able to have all of his meals and snacks on one of the days on which he had allegedly fallen asleep and, therefore, the mitigating measure may not have been in effect at the time Lee claimed to have been disabled. The District Court Judge overruled the objection, holding that whether Lee was able to eat his meals was a jury question and that, depending on the jury's answer to that question, the instruction might be relevant. *See* J.A. 827–28. The Judge then read the instruction to the jury.

The jury returned a verdict in the District's favor, finding that Lee was not disabled within the meaning of the ADA. *See Lee*, 19 F. Supp. 3d at 285. The jury reached no other questions. Lee passed away after the jury had returned its verdict and the trial was concluded.

Coleman-Lee now appeals in Lee's place, asking for a new trial. She argues that the District Court erred in granting the *Sutton* instruction because, regardless of whether Lee had been allowed to have his regular meals, "his eating regimen [itself] substantially limited his eating," disabling him within the meaning of the ADA. Br. of Appellant 17. Therefore, she argues, the mitigating measures in this case were irrelevant to

the question whether Lee was disabled. We hold that, on the record before this court, Lee failed to raise this objection with the District Court. Therefore, our review of this objection is only for plain error, and we find none.

* * * *

Coleman-Lee's theory on appeal is that the *Sutton* instruction misled the jury because even if he was given the opportunity to eat his meals, Lee's dietary requirements themselves were substantial limitations on his ability to eat. She argues that viewed through this lens – where the question is whether the *meal plan* substantially limited Lee's *eating* – the jury instruction was irrelevant to the case since there were no mitigating measures taken to alleviate the limitation on Lee's eating. The mitigating measure in this case, she argues, was to mitigate the *other* effects of the diabetes, such as the possibility that Lee might uncontrollably fall asleep. As a result, she claims, the jury instruction should have been withheld because "there is no legal evidence of any kind to support the theory of fact" that Lee's eating-related disability had been mitigated. *Ins. Co. v. Baring*, 87 U.S. (20 Wall.) 159, 161 (1873).

We review this claim for plain error because Lee did not raise or preserve it below. The Federal Rules of Civil Procedure require that objections to jury instructions be timely made, "stating distinctly the matter objected to and the grounds for the objection." FED. R. CIV. P. 51(c)(1). If a party later objects on different grounds, the court reviews only for plain error. *Long v. Howard Univ.*, 550 F.3d 21, 25 (D.C. Cir. 2008).

Coleman-Lee's grounds for objection on appeal are different from those raised by Lee below. Below, as Coleman-

Lee's counsel conceded at oral argument, Lee's objection to the mitigating measures instruction was based on his allegation that the District had not allowed Lee to follow his meal plan and mitigate his impairment. J.A. 829 ("[T]here is no evidence that [Lee] got all of his meals . . . . [T]here is no evidence that he got a break on duty and it is not noted in the log book."). Lee's counsel pointed the District Court to an earlier summary judgment ruling, in which the court had discussed whether the District had allowed Lee to eat all his meals. *Id.* at 827; *see also Lee v. District of Columbia*, 920 F. Supp. 2d 127, 134–35 (D.D.C. 2013) (denying summary judgment). The court summarized its understanding of the objection, stating that "the whole issue [relevant to the instruction] is whether [Lee] had regular meals." J.A. 827. The District's response in defense of the instruction was that "if the jury does find that he had his regular meals, [then] this instruction would be appropriate to consider." *Id.* It is crystal clear that Lee's objection below to the mitigating measures instruction was based on the argument that the mitigating measure may not have been in effect, and that the instruction may have suggested to the jury that it was in effect.

Coleman-Lee now makes a different argument, having nothing to do with whether Lee's meal plan had been in effect. Instead, she argues that the jury instruction was erroneous *whether or not* Lee had his regular meals because "his eating regimen [itself] substantially limited his eating." Br. of Appellant 17. In other words, even "when *adhering* to his eating regimen [he was] still disabled because of the limitation on when he can eat." *Id.* 18 (emphasis added). The District Court was not timely presented with the opportunity to consider whether it should reject the instruction on the ground that "there is no legal evidence of any kind to support the theory of fact" at the core of Coleman-Lee's current

objection, because the "theory of fact" of the objection has changed since trial. *See Ins. Co.*, 87 U.S. (20 Wall.) at 161.

Because Lee did not preserve below the argument now raised by Coleman-Lee, we review only for plain error. *Long*, 550 F.3d at 25. Plain error review requires "(1) that there was an error, (2) that the error was clear or obvious, (3) that it affected the appellant's substantial rights, and (4) that it seriously affected the fairness, integrity, or public reputation of the judicial proceedings." EDWARDS, ELLIOTT, & LEVY, FEDERAL STANDARDS OF REVIEW 86 (2d ed. 2013). Coleman-Lee offers nothing that suggests that her objection meets any of the prongs of this exacting standard.

\* \* \* \*

If the District Court's instruction is assessed with an eye to the objection raised below by Lee, not the new theory raised by Coleman-Lee on appeal, then it is absolutely clear that no error was committed. In rejecting Lee's objection, the District Court correctly concluded that there was evidence presented at trial that Lee could control his diabetes by eating three meals a day, plus snacks, and taking his medication. The jury had before it sufficient evidence to determine that Lee was allowed to eat his regular meals and snacks, and thus conclude that he did not have a disability under the Act. There is no good reason to assume that the jury was misled by the *Sutton* instruction given by the District Court.

\* \* \* \*

There is one final matter that warrants mention, lest the thrust of this decision be misunderstood. No party has at any point challenged whether the disputed instruction correctly and fully explained the *Sutton* rule. Therefore, we neither pass

on this question nor suggest, by affirming, that the instruction given was a correct and complete explication of the rule. For the purposes of this appeal, we assume, as do the parties, the accuracy of the instruction. Based on that assumption, there was sufficient evidence in the record to support an instruction to the jury on its responsibility to weigh the effects of mitigating measures.

\* \* \* \*

For the reasons set forth above, we affirm the District Court's judgment.

*So ordered.*