# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued April 23, 2015                    Decided July 28, 2015

No. 14-7079

KATHY RADTKE AND CARMEN CUNNINGHAM,
APPELLEES

v.

LIFECARE MANAGEMENT PARTNERS AND ADVANTA MEDICAL
SOLUTIONS, LLC,
APPELLANTS

Appeal from the United States District Court
for the District of Columbia
(No. 1:06-cv-02031)

*Alan Lescht* argued the cause and filed the briefs for appellants.

*S. Micah Salb* argued the cause for appellees. With him on the brief was *Dennis Chong*.

Before: MILLETT and PILLARD, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* SENTELLE.

SENTELLE, *Senior Circuit Judge*: Appellees, medical records coders employed by appellants, brought this action against their employers for unlawfully failing to pay overtime pay. Appellees prevailed in a jury verdict that found they were not exempt from overtime pay. The district court denied defendant-appellants' motions for judgment as a matter of law, for a new trial, and to alter or amend the judgment. Appellants brought the present appeal, contending that no reasonable jury could have found appellees not to be exempt, and that errors by the court require a new trial. Finding no merit in appellants' arguments, we affirm the judgment of the district court for the reasons more fully set forth below.

## BACKGROUND

Plaintiff-appellees Kathy Radtke and Carmen Cunningham were employed as medical records coders by defendant-appellants. Appellees brought the present action against their former employers. Although the complaint and a subsequent amended complaint asserted multiple theories of relief, as relevant to the present appeal, plaintiffs asserted that defendants had failed to pay them compensation at the rate of one and a half times their normal pay for work in excess of forty hours per week, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a) *et seq.*[1] Defendants contended that plaintiffs were exempt from the requirement to

---

[1] We note that our review of the complaint and amended complaint would have been expedited had either party seen fit to include either document in the Joint Appendix or Supplemental Appendix filed with this court.

pay overtime pay under the administrative and professional exemptions defined in 29 C.F.R. § 541.200 and § 541.300.

This case came on for trial before a judge and jury. Plaintiffs offered testimonial and documentary evidence to support the proposition that they had worked beyond forty hours per week and not been paid at time and a half. Defendants offered evidence and arguments to the effect that plaintiffs were exempt from the statutory enhancement and offered descriptions of the employees' duties, which defendants contended were consistent with administrative and professional employment as defined in 29 C.F.R. § 541.200 and § 541.300, so that they would be exempt from the statutory requirement for payment of the enhanced wages.

The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, "ordinarily requires employers to pay employees time-and-one-half for hours worked beyond forty per week unless the employees are exempt." *Robinson-Smith v. GEICO*, 590 F.3d 886, 888 (D.C. Cir. 2010); *see also* 29 U.S.C. §§ 207, 213. Relevant to this case, an employer is not required to pay overtime to exempt "administrative" and "professional" employees. An employee falls under the administrative exemption if her compensation is high enough (not in dispute in this case), her "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers," and her "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a). An employee falls under the professional exemption if her compensation is high enough (not in dispute in this case), and her "primary duty is the performance of work…[r]equiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual

instruction; or…[r]equiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor." 29 C.F.R. § 541.300(a). The employer bears the burden of establishing that its employee falls within a recognized overtime exemption. *See Robinson-Smith*, 590 F.3d at 891.

## DISCUSSION

Appellants' main line of argument is that they were entitled to judgment as a matter of law, notwithstanding the verdict. Appellants rely on Federal Rule of Civil Procedure 50(a), which provides that, "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue," the trial court may grant a motion for judgment as a matter of law against that party on that issue. While we review the district court's denial of a motion for judgment as a matter of law *de novo*, *Novak v. Capital Mgmt. & Dev. Corp.*, 570 F.3d 305, 311 (D.C. Cir. 2009), "[w]e do not…lightly disturb a jury verdict. Judgment as a matter of law is appropriate only if the evidence and all reasonable inferences that can be drawn therefrom are so one-sided that reasonable men and women could not have reached a verdict in plaintiff's favor," *Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 165 (D.C. Cir. 2007) (internal quotation marks and citation omitted). This court must resolve all reasonable inferences in plaintiffs' favor and "cannot substitute its view for that of the jury, and can assess neither the credibility nor weight of the evidence." *Scott v. District of Columbia*, 101 F.3d 748, 753 (D.C. Cir. 1996).

As to appellants' alternate argument that the district court erred in denying their motion for a new trial, Federal Rule of Civil Procedure 59(a)(1) provides in relevant part that "[t]he

court may, on motion, grant a new trial on all or some of the issues…after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."  "We review the district court's denial of [a] motion for a new trial 'only for an abuse of discretion.'"  *Muldrow*, 493 F.3d at 166 (quoting *Daskalea v. District of Columbia*, 227 F.3d 433, 443 (D.C. Cir. 2000)).  "When the district court *denies* a motion for new trial, our scope of review is particularly narrow because the trial court's decision accords with the jury's."  *Hutchinson v. Stuckey*, 952 F.2d 1418, 1420 (D.C. Cir. 1992) (emphasis in original).  "In reviewing for an abuse of discretion, the Court considers 'whether the decision maker failed to consider a relevant factor, whether [the decision maker] relied on an improper factor, and whether the reasons given reasonably support the conclusion.'"  *Peyton v. DiMaro*, 287 F.3d 1121, 1126 (D.C. Cir. 2002) (quoting *Barbour v. Merrill*, 48 F.3d 1270, 1278 (D.C. Cir. 1995)).

### A. *Defendant–Appellants' Argument for Judgment as a Matter of Law*

Appellants argue that they are entitled to judgment as a matter of law, as no reasonable jury could have come to the conclusion that Radtke and Cunningham were non-exempt based on the evidence adduced at trial.  Appellants contend that "Ms. Radtke's and Ms. Cunningham's statements in their resumes, job applications and emails demonstrate that their jobs fell within the administrative exemption and that they were not simply looking up codes in a book."  Appellants' Br. 23.  Appellants argue that Cunningham was exempt under the administrative exemption because Cunningham "supervised between 9 and 22 coders,…provided training as well as feedback to physicians regarding documentation and coding," *id*. at 24, and worked independently to evaluate and revamp the coding procedures of Walter Reed Medical Center, *id*. at

25–26. Appellants similarly argue that Radtke fell under the administrative exemption because "she was responsible for educating physicians and other clinicians and proper coding of visits, procedures and diagnoses," *id.* at 27, and worked independently on projects such as creating a "new super bill for the doctors," a document that "codifies the most typical diagnoses and procedures that a group of practitioners is handling so the provider can easily find the code," *id.* at 28.

Appellees respond that the majority of their work, their "primary duties," entailed simply medical records coding. Coding does not require independent judgment; the relevant codes and descriptions are all specified in manuals. Informing physicians and other professionals how to code properly does not require the exercise of discretion and independent judgment in matters of significance. *See* Appellees' Br. 23. And even if some of Radtke and Cunningham's time was spent on matters involving the exercise of discretion and independent judgment, appellants have not shown that these tasks constituted their "primary duties." *Id.* at 24.

Appellees introduced time cards showing that they spent most of their time coding. Cunningham spent 75% of her time coding medical records, Radtke 92% of her time. *Id.* at 21. The time spent by an employee on various tasks is a useful guide in determining an employee's "primary duty." *Maestas v. Day & Zimmerman, LLC*, 664 F.3d 822, 827 (10th Cir. 2012). A relevant regulation provides, "employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement." 29 C.F.R. § 541.700(b).

Appellants contend that these time records do not support the jury's verdict because "'a number of different

functions…were characterized under the rubric of coding.'" Appellants' Br. 30 (quoting testimony of defendant Maria Caschetta). Further, appellants point to *Robinson-Smith*, 590 F.3d at 894, for the proposition that an employee may still fall within the administrative exemption even if the employee spent the majority of her time engaged in non-exempt work. Appellants maintain that the time cards do not undermine the other evidence (adduced by appellees' testimony, resumes, internal communications, etc.), which overwhelmingly shows that the appellees fall under the administrative exemption.

Appellants further argue that Radtke and Cunningham fall under the professional exemption, as "their jobs required independent judgment and discretion" and "[t]hey were hired because they were seasoned professionals with the educational background and experience to work independently." Appellants' Br. 33. Appellants point out that both Radtke and Cunningham possess certifications and college degrees relevant to medical coding. *Id*. at 33–37. Appellees respond that Radtke and Cunningham's credentials are not controlling; "it is the educational requirements of the *job*, not the education of the *individual*, that matter for the professional exemption." Appellees' Br. 17 (emphasis in original) (citing *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 206 (2d Cir. 2009)). Appellees contend that appellants failed to prove that their *jobs* required sufficient professional training to be exempt.

It is clear to us that the appellants are not entitled to judgment as a matter of law. Appellants have shown at most that there was a conflict in the evidence before the jury. It is the function of the jury and not this court to weigh evidence and make findings. It is true that we recently held that "[w]hether an employee comes within the FLSA administrative employee exemption from overtime benefits is

a question of law." *Robinson-Smith*, 590 F.3d at 891. In the *Robinson-Smith* case, however, the facts material to this legal determination were "largely undisputed." *Id.* at 891 n.5. When the underlying facts are in dispute, "[t]he exemption question under the FLSA is a mixed question of law and fact." *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 558 (2d Cir. 2012) (internal quotation marks and citation omitted). As the Supreme Court explained, "The question of how the [employees] spent their working time…is a question of fact. The question whether their particular activities excluded them from the overtime benefits of the FLSA is a question of law." *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986).

Each side offered its evidence. The matter went to the jury. The jury resolved the factual disputes, regarding the type of work primarily performed by Radtke and Cunningham, in appellees' favor. We agree with the district court that "this case presented a pristine example of how a genuine issue of material fact emerges from all the evidence, requiring its resolution by the jury." Mem. Op. & Order 5, *Radtke v. Caschetta*, No. 06-cv-02031 (D.D.C. May 14, 2014), ECF No. 182. As noted above, the parties introduced conflicting evidence regarding the appellees' primary duties. Appellants have not shown, as they must to prevail, that the evidence is "so one-sided that reasonable men and women could not have reached a verdict in plaintiff's favor." *Muldrow*, 493 F.3d at 165.

At trial, appellants bore the burden of showing that Radtke and Cunningham were exempt. *See, e.g., Kinney v. District of Columbia*, 994 F.2d 6, 10 (D.C. Cir. 1993) ("The [employer], of course, had the burden of showing that its employees are exempt from the FLSA's overtime provisions."). Appellants bear a heavier burden in convincing

this court to override the jury's verdict. As stated by the Third Circuit:

> It is rarely appropriate to grant a directed verdict or judgment n.o.v. in favor of the party having the burden of proof; such action is reserved for those extreme circumstances where the effect of the evidence is not only sufficient to meet his burden of proof, but is overwhelming, leaving no room for the jury to draw significant inferences in favor of the other party.

*Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990). In this case, the evidence is far from overwhelmingly in favor of appellants. Appellants phrase the issue on appeal as "[w]hether there is substantial evidence to support the jury verdict that [a]ppellees…were non-exempt from the requirement to pay overtime under the administrative and professional exemptions." Appellants' Br. 1. Appellants argue that "Ms. Radtke and Ms. Cunningham did not produce significantly probative evidence supporting the jury verdict that [p]laintiffs were non-exempt." *Id.* at 23. Since appellants bore the burden of proof on the exemption issue, however, the appellees were under no obligation to introduce such evidence that they were non-exempt. A more accurate way to frame the issue would be: whether the evidence was so one-sided that reasonable men and women must find that appellants sufficiently proved that Radtke and Cunningham were exempt. *See Muldrow,* 493 F.3d at 165. The evidence does not compel such a conclusion, and we affirm the district court's denial of appellants' motion for judgment as a matter of law.

*B. Defendant–Appellants' Argument for a New Trial*

Appellants further argue that even if they are not entitled to judgment as a matter of law, we should nonetheless vacate the judgment and remand the case for a new trial. Appellants argue that a new trial is warranted for three reasons. First, they contend that Radtke gave "improper testimony" that clearly influenced the jury's verdict. Appellants' Br. 39. Appellants contend that "Radtke blurted out that she was not treated as exempt under FLSA in a job she held subsequent to her job with Advanta after the [c]ourt sustained [a]ppellants' objection to that question." *Id*. Despite the trial court's instructions to disregard, appellants maintain that this statement "was not a bell that could be unrung" and a new trial was warranted. *Id*. at 40.

We disagree. The trial court judge instructed the jury multiple times to disregard that statement. He did so twice after Radtke gave her answer, once directly after Radtke gave her response and again after a sidebar conference. Trial Tr., Jan. 15, 2014, 10:13–20, 21:7–13. And he reminded the jury, in his instructions to them, to disregard any stricken testimony. Trial Tr., Jan. 15, 2014, 76:20–24. "We assume juries follow their instructions," and the appellants here have "raise[d] no argument nor proffered evidence that would suggest to us that the jury did not heed the court's admonition." *United States v. Celis*, 608 F.3d 818, 846 (D.C. Cir. 2010). Or, as the Supreme Court put it, "We normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an overwhelming probability that the jury will be unable to follow the court's instructions and a strong likelihood that the effect of the evidence would be devastating to the defendant." *Greer v. Miller*, 483 U.S. 756, 767 n.8

(1987) (internal quotation marks and citations omitted). We thus hold that the district court did not abuse its discretion in not ordering a new trial.

Second, appellants argue that a new trial is warranted because "[t]he [c]ourt should not have allowed Ms. Cunningham to repeatedly contradict herself without giving the jury a perjury instruction." Appellants' Br. 40. Appellants contend that Cunningham contradicted her prior statements and her resume when she testified that she was not a supervisor when she worked for Lifecare. According to appellants, the court should have issued "an instruction that Ms. Cunningham put forth false evidence with the intent to deceive the jury into believing facts that are not true." *Id*. at 41. We disagree.

Simply put, credibility judgments are the sole province of the jury. Cunningham testified that she was not a supervisor, and appellants had the opportunity to impeach her testimony by her prior statements and the job description on her resume. Cunningham did her best to explain those apparent discrepancies, and the jury ultimately decided whom to believe, and how important this issue was to its verdict. The judge was not required to himself weigh the evidence, assess Cunningham's credibility, and then instruct the jury as to his view of the evidence. We hold that the trial judge did not abuse his discretion in denying appellants a new trial for this reason.

We further note that we are not compelled to consider this argument at all. Appellants provide us no indication that they raised the issue before the district court, and even when directly asked at oral argument whether they had tendered any such instructions to the court, they could provide no reference. *See Coleman-Lee v. District of Columbia*, __ F.3d

__, 2015 WL 2365709, *1 (D.C. Cir. May 19, 2015) (per curiam) (when an objection to the jury instruction is "never raised and preserved" by party, "we review only for plain error"). Appellants have cited no case in which this circuit has ever reversed a judgment of the district court for failure to give a "perjury instruction," with or without an objection in the district court. Indeed, a Westlaw search reveals no opinion of this court in which we have ever used the expression "perjury instruction." Appellants have not shown plain error.

Appellants finally argue that a new trial is required because plaintiff–appellees' attorney stated, in his opening statement, that appellants needed to prove that Radtke and Cunningham were exempt by clear and convincing evidence. *See* Appellants' Br. 21, 41; Trial Tr., Jan. 13, 2014, 84:2–7. This statement was erroneous, appellants contend, as the judge later instructed the jury that the defendant–appellants "must prove every element of their defenses that the [plaintiff–appellees] are exempt from the overtime requirement of the Fair Labor Standards Act by *a preponderance of the evidence*." Trial Tr., Jan. 15, 2014, 78:24–79:1 (emphasis added). Appellants thus argue that, "[b]ecause there is a direct link between the errors and the jury's determination that Ms. Radtke and Ms. Cunningham were non-exempt, Appellants are entitled to a partial new trial." Appellants' Br. 41. This is the entirety of the appellants' argument.

We might reject appellants' discussion as so scant and conclusory as to constitute a waiver of that argument. In any event, appellants are not entitled to a new trial. It may be an overstatement to characterize the attorney's remarks as "inappropriate," *id*., as this circuit has never stated what the proper burden of proof is in this context, *Robinson-Smith*, 590

F.3d 891 n.5, and some of our sister circuits have required employers to prove exemption by "clear and convincing evidence," *see, e.g., Desmond v. PNGI Charles Town Gaming, L.L.C.*, 564 F.3d 688, 692 n.3 (4th Cir. 2009). We need not decide the appropriate standard of proof in this case, because the jury instructions and verdict form enforced the standard of proof most favorable to the appellants of the available options. The judge gave the jury detailed and clear instructions that appellants needed to prove exemption only by "a preponderance of the evidence," Trial Tr., Jan. 15, 2014, 79:1, which appellants argue is the proper standard.

As we noted above, we presume that juries follow the instructions of the district judge. *See*, *e.g.*, *Celis*, 608 F.3d at 846. In the present case, the presumption is particularly compelling, as appellants neither objected to the statement by plaintiffs' counsel nor submitted any other proposed instruction to the district court on the subject. As we further stated above, such an objection is normally forfeited, and if we were to review it at all, it would be solely for plain error. *See*, *e.g.*, *Coleman-Lee*, __ F.3d. __, 2015 WL 2365709, at *1. Appellants are not close to meeting that standard. Appellants would have us conclude that the jury must have ignored the judge's instructions and been unduly influenced by appellees' opening statement, based on the mere fact that the jury found for the appellees. We reject their argument. In short, appellants give us no reason to think that the judge abused his discretion in denying the motion for a new trial; we thus affirm the district court.

As further evidence of the frailty of this allegation of error, the verdict forms submitted to the jury[2] expressly

---

[2] We note that the verdict forms, like the complaints, were not included in the Appendices or other filings of the parties.

14

asked: "Did the defendants establish *by a preponderance of the evidence* that plaintiff . . . was exempted from the overtime requirements of the Fair Labor Standards Act because of the" administrative or professional exemption. Verdict Form for Plaintiff Radtke, *Radtke v. Caschetta*, No. 06-cv-02031 (D.D.C. Jan. 15, 2014), ECF No. 141 (emphasis added); Verdict Form for Plaintiff Cunningham, *Radtke v. Caschetta*, No. 06-cv-02031 (D.D.C. Jan. 15, 2014), ECF No. 142 (same).

## CONCLUSION

In sum, the jury fulfilled its function. It considered conflicting evidence, resolved factual disputes, and returned a verdict. There is no reason for us to upset that verdict or order a new trial. We thus affirm the judgment of the district court.

*So ordered.*